## CRAIGO v. CRAIGO et al.

Under the express provisions of Code Civ. Proc. § 145, an allegation of new matter in the answer, not relating to a counterclaim, is deemed to be legally controverted, and an issue of fact is thereby created.

Where, in a suit to declare a constructive trust of land alleged to have been purchased by defendants with plaintiff's funds, defendants pleaded a written settlement and payment of plaintiff's claim, on which an issue was raised by operation of law, a finding of fact that at no time since two of the defendants named received plaintiff's money have such defendants made an accounting thereof, or of the property purchased therewith, or of the lands or profits obtained from any such transactions, was not a finding on such issue of settlement.

Failure of the court to find on an issue of settlement, in an action to declare a constructive trust, was error, defendants having requested a finding that, prior to the commencement of the action all matters existing between plaintiff and each of the defendants, and in which plaintiff claimed any interest, had been fully adjusted, settled, etc.

In the absence of a finding that a settlement had been obtained from plaintiff by fraud, mistake, or undue influence, it would be presumed that it was made in good faith and with full knowledge of all the facts.

Where the trial court made no finding on a material issue of settlement, the Supreme Court on appeal could not consider the evidence bearing on such issue, but must reverse and order a new trial.

Where a complaint pleaded a cause of action in equity to declare a constructive trust, it was error, on the court's failure to find the existence of such trust, to render a judgment at law against defendants, on the theory that they were liable for the conversion of complainant's funds.

(Opinion filed, November 18, 1908.)

Appeal from Circuit Court, Roberts County. Hon. JAMES H. McCoy, Judge.

Action by Lewis T. Craigo against Thurman Craigo and others. Judgment for plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Reversed.

The twelfth finding of fact referred to in the opinion is as follows: "That at no time since said defendants Thurman Craigo and Kittie M. Craigo received said money belonging to plaintiff have said defendants made an accounting of said money, or the property purchased with said money, or the rents or profits obtained from any of said transactions."

*Thad L. Fuller* and *A. S. Douglas,* for appellants. *Frank Mc-Nulty,* for respondent.

CORSON, J. This action was commenced in equity, and, findings and judgment being in favor of the plaintiff, the defendants have appealed.

The plaintiff alleges in his complaint: "That he is the son of the defendant Thurman Craigo, and the brother of the defendants Kittie M. Craigo and Ralph T. Craigo, and that plaintiff and said defendants, at all times, and up to about December 1, 1905, lived together as members of the same family, and as members of the family of said Thurman Craigo; that heretofore, and on the 30th day of December, 1884, Thurman Craigo was appointed guardian of plaintiff, who was an infant heir and devisee of O. H. P. Clarno; that as such guardian, defendant Thurman Craigo, received large sums of money, and large amounts of property belonging to plaintiff, and held his said office of guardian until March, 1900, at which time one William B. Hawthorne was duly appointed as guardian of plaintiff; that on December 28, 1901, at the request and solicitation of said defendant Thurman Craigo, plaintiff asked and obtained from his said guardian, William B. Hawthorne, the sum of $13,539.27; that the defendant Thurman Craigo purchased, with defendant's money, either the whole or an interest in the lands which are described in the complaint; that the titles to said lands were taken in the name of Thurman Craigo, defendant Kittie M. Craigo, or defendant Ralph T. Craigo; that said defendant Kittie M. Craigo and Ralph T. Craigo never furnished any part of the purchase price of said lands, and at all times had full knowledge that said described lands, and each and every part thereof, was purchased with money belonging to the plaintiff; that at no time since the defendant Thurman Craigo received said money belonging to the plaintiff has he made an accounting of said moneys or of the property purchased with said moneys, or the rents or profits obtained from any of said transactions; that in all things connected with said tansactions plaintiff relied upon the honesty and good faith of defendants, and had confidence that said defendants, and each of them, would deal fairly and honestly in all things with him; that said defendants did not in fact deal fairly with the plaintiff, but took title to the property purchased with plaintiff's money, and appropriated to their own use and benefit the proceeds and profits arising from the investment of the same; and plaintiff prays the court that a decree may be entered adjudging that defendants hold the above-described lands, and each and every part,

in trust for plaintiff, and that said defendants and each of them may be compelled to convey said above-described lands, and each and every part thereof, to plaintiff; that an accounting be had with the said defendants, and each of them, and that judgment may be rendered against each of said defendants for the sums due from them to this plaintiff; and for such other and further relief as to the court may seem just and equitable, together with costs and disbursements of this action." The defendants, after making certain admissions, deny that they received the sum of $13,539.27, or any sum, except the sum of $8,933.70, and allege that plaintiff heretofore made claim that these defendants were indebted to him, on account of matters and things growing out of the guardianship hereinbefore mentioned, and allege that all matters between each and all defendants were fully and completely paid, settled, and adjusted, and plaintiff accepted said payment, adjustment, and settlement in satisfaction of all matters alleged in said complaint.

The case was tried to the court without a jury, and the court among other things finds: "That the full amount of said money and chattels so received by plaintiff from his guardian, to wit, the sum of $13,539.27, was delivered by plaintiff to defendants Thurman Craigo and Kittie M. Craigo at their special instance and request; that the titles to said above-described lands were taken in the name of the defendant Thurman Craigo, the defendant Kittie M. Caigo, or the defendant Ralph T. Craigo; that the plaintiff's money was used in paying for such lands, and that defendants, and each of them, at all times had full knowledge that said above-described land was purchased, either in whole or in part, with money belonging to plaintiff; that at no time since said defendants Thurman Craigo and Kittie M. Caigo received said money belonging to plaintiff have said defendants made an accounting of said money, or the property purchased with said money, or the rents or profits obtained from any of said transactions; that defendants have never paid to plaintiff any part of said money received by defendants Thurman Craigo and Kittie M. Craigo, except the sum of $4,286; that in all things connected with said transactions plaintiff relied upon the honesty and good faith of said defendants, and had confidence that said defendants, and each of them, would deal

fairly and honestly in all things with plaintiff; that said defendants did not in fact deal honestly and fairly with plaintiff, and that said defendants converted to their own use, on December 28, 1901, money and property belonging to plaintiff, and of the value of $7,900, and have repaid to plaintiff no part thereof except the sum of $4,286; that plaintiff had demanded the return of said money and property, which has been refused by defendants." The court concludes as matter of law "that plaintiff have judgment against the defendants Thurman Craigo and Kittie M. Craigo for $4,880, with interest at 7 per cent. from February 1, 1907; that said judgment be made a lien against the land described in the foregoing findings of fact, and that the interest of defendants in said land, or so much thereof as may be necessary, be sold to satisfy the amount of this judgment, together with the costs and expenses of sale." Thereupon the court entered the following judgment: "That the plaintiff, Lewis T. Craigo, have and recover of the defendants Thurman Craigo, Kittie M. Craigo, and Ralph T. Craigo, the sum of $4,880, with interest thereon at 7 per cent. from February 1, 1907, together with the costs and disbursements of this action. * * *" And it was further adjudged that said judgment be, and the same was, made a lien upon the real estate belonging to the defendants situated in Roberts county in this state, described in the complaint. The court made no finding that the lands, described in the complaint and judgment, were held by the defendants, or either of them, in trust for the plaintiff, or that there was any trust relation existing between the defendants and the said plaintiff, and the court made no finding upon the issue of settlement and payment of the claims of the plaintiff pleaded in their answer, notwithstanding that on the trial the defendant introduced in evidence Exhibit 2, which reads as follows: "Settlement showing how we stand. Aug. 12, 1902. We hereby agree and settle and each of us in full with papa and Kittie and Lew and they are to give me notes 5 for $500 each and one for $400 to draw six per cent. interest from date and deposit in bank $100 making in all $3000. Then all the notes in the bank belonged to papa, Kittie and Ralph except a note signed by George Smith, of $100.00 which is all I have in partnership here. Then these notes of 5—$500.00, one $400.00 one, $100.00 is

all the claim I have against papa, Kittie and Ralph those to sign these notes (5), heretofore mentioned in Lew can check on bank for the seventy-five dollars, we paying him twenty-five dollars, this day August 12, 1902, Lew did not take any real estate but all notes, all except $100. [Signed] Thurman Craigo. Kittie M. Craigo. Lew. T. Craigo. Ralph T. Craigo." Upon this was indorsed, "An agreement and settlement between Thurm, Kittie and Lew Craigo and Ralph Craigo. Office of the clerk of courts, Roberts county, S. D. Filed Oct. 30, 1906. L. Wm. Foss, Clerk." It was shown on the trial that the notes described in the agreement were paid in full prior to the commencement of this action.

The defendants claim a reversal of the judgment of the trial court upon the following grounds: (1) The court failed to decide the issue created by the allegation and proof of settlement and the implied replication thereto; (2) no trust relation of any nature was proven to have existed between the parties, though the complaint sets up an equitable cause of action, and prays equitable relief; (3) the court rendered an ordinary judgment at law for the repayment of money found to have been converted: (4) the evidence is insufficient to justify the findings of fact and conclusions of law. In the view we take of the case it will only be necessary to discuss the first and third points made by the counsel, as the second point is included in the third.

No reply having been made to the new matter in defendants' answer, the allegations therein were legally deemed controverted, and an issue of fact created. In Lyon v. Plankinton Bank, 15 S. D. 400, 89 N. W. 1017, this court held that under our Revised Code of Civil Procedure, § 145, an allegation of new matter in the answer not relating to a counterclaim is to be deemed controverted by the plaintiff on a direct denial or avoidance, and in that case this court said, "The court having failed to find upon this material issue of fact after having been requested so to do, the judgment cannot be sustained," and the judgment was therefor reversed. It is contended by the respondent that the court in its twelfth finding of fact found, in effect, against these defendants upon this issue, but we cannot agree with counsel in this contention. It will be noticed that in the answer there is no allegation that there was any

accounting, but it is alleged that all matters between each and all defendants were fully and completely paid, settled, and adjusted, and plaintiff accepted said payment, adjustment and settlement in satisfaction of all matters alleged in said complaint. In our opinion, therefore, the court wholly ignored the issue tendered by the defendants, and failed to make any finding thereon.

It is further contended by the plaintiff that there was no request to make a finding on this issue, but this contention is clearly untenable, as the defendants presented findings of fact in which they asked the court to find, as follows: "That prior to the commencement of this action all matters existing between plaintiff and each and all of the defendants, and all matters in which plaintiff had, or claimed to have, any interest, claim, or demand whatsoever, were fully and completely paid, settled, and adjusted, and defendants paid plaintiff in full the amount agreed upon pursuant to the terms of said settlement, and plaintiff accepted such full settlement and adjustment in satisfaction of all matters and claims existing between them at that time." The court was therefore properly requested to make a finding upon the issue of settlement and payment tendered by the answer. As we have seen, the settlement and adjustment between the parties is not only subscribed by the parties thereto, but was filed in the office of the clerk of Roberts county and became a record therein. If the plaintiff claimed that this setttlement was obtained from him by fraud, mistake, or undue influence, the burden was upon him to show such fraud, mistake, or undue influence; and, in the absence of a finding that such was the fact, the usual presumption attaches that the settlement was made in good faith, and with a full knowledge of all the facts on the part of the plaintiff, and he, having received the money upon the notes executed under the settlement, was, in the absence of any proof of fraud, mistake, or undue influence, concluded by the same, at least the defendants were entitled to a finding upon that issue which could have been reviewed on appeal by this court. In view of the fact that there is no finding upon this issue, this court is not authorized to consider the evidence bearing upon the same, and the judgment of the court below must therefore be reversed, and

a new trial ordered, as was done in the case of Lyon v. Plankinton Bank, supra.

It is also quite clear that, as the court failed to find any trust relation existing between the defendants and the plaintiff, the court was not authorized to enter money judgment in favor of the plaintiff against the defendants, as in the absence of such trust relation an action could only be maintained for money had and received, or money converted by the defendants, which would be purely an action at law, in which the defendants would be entitled to a jury trial. In the case of Anderson v. Chilson et al., 8 S. D. 64, 65 N. W. 435, the complaint stated a cause of action clearly equitable in character, and prayed for an accounting, but, the court having entered judgment for damages, the decision of the court below was reversed, on the ground that the distinction between equitable and legal actions still exists, and that no recovery could be had upon a cause of action after it had been satisfactorily proven that no ground for equitable relief existed, and this court in its opinion says: "When a complaint is framed for equitable relief, and it appears upon the trial that the pleader is not entitled thereto, a judgment at law, inconsistent with the allegations of the complaint, for damages upon a breach of contract to pay a stipulated amount of money, cannot be entered, and the complaint must be dismissed." And the court quotes with approval the following from Dalton v. Vanderveer, 8 Misc. Rep. 484, 29 N. Y. Supp. 342: "Where a complaint states a cause of action which is within the jurisdiction of equity, and is not an action at law, and the evidence given on the trial fails to sustain such equitable cause of action, but shows a cause of action at law, the complaint will nevertheless be dismissed, as a distinction between equitable and legal action still exists, though the forms have been abolished." And Mr. Pomeroy, in his work on Rights and Remedies, in discussing this question, says: "If the complaint or petition contains a case entirely for equitable relief stating no facts upon which a legal remedial right arises, and prays a judgment awarding equitable relief alone, but on the trial the plaintiff fails to prove the case as thus alleged, but does establish a legal cause of action not averred in the pleadings, his suit must be dismissed. He cannot recover the legal

remedy appropriate to the facts which he succeeds in proving." It will be observed that plaintiff's action is based upon the theory that the money received by the defendants belonging to him was invested in certain lands in Roberts county, and that by reason thereof the defendants held such lands in trust for the plaintiff. The court, however, fails to find any such trust relation. It will be further noticed that the court concludes, as matter of law, that the plaintiff have judgment against the defendants for said amount. It is true the court finds that the defendants did not in fact deal honestly and fairly with plaintiff, and "that said defendants converted to their own use, on December 28, 1901, money and property belonging to the plaintiff of the value of $7,900, and have repaid plaintiff no part thereof except the sum of $4,286, but this does not establish any trust relation. In an equity action it is not competent for the court, without a jury being waived, to proceed further than to determine that the plaintiff had no equitable claim to the property described in the complaint by virtue of a trust relation between him and the defendants. When, therefore, the court determined that there was no such trust relation as entitled the plaintiff to equitable relief, it should have dismissed the action, and left the plaintiff to proceed in the legal action to recover the amount due him.

It is quite clear, therefore, in any view of the case that the defendants are entitled to a reversal of the judgment, and the same and order denying a new trial are reversed.