DAVISON, Respondent, v. KELLAR, Appellant.

(152 N. W. 106.)

(File No. 3671.    Opinion filed April 6, 1915.)

1.    Trial—Error—Findings—Issue of Ultimate Facts, Necessity of Finding to Cover—General Finding—Equity Case—Statute.

The statute (Code . Civ. Proc. Sec. 277), requiring trial court to make findings, is mandatory, and the parties to an action tried by the court, whether in equity or partly in equity and partly at law, are entitled to a finding of fact upon each material issue of ultimate fact, properly raised by the pleadings, and held, that the failure to make separate findings, either as to the several items of account pleaded, or as to the several causes of action, involved in a landlord's action against his tenant for an accounting, was error, even though there was a general finding of a stated amount due the defendant, under which finding a general recital of various items pro and con, was included and considered as credits and debits, respectively.

2.    Trial—Reversible Error—Failure to Make Findings on all Issues —Request for Findings—Waiver—No Finding on Essential Matter, Effect.

Such error, notwithstanding Laws 1913, Ch. 172, Sec. 1, requiring that prejudicial error be shown in brief, and Laws 1913, Ch. 178, Sec. 1, requiring that error complained of shall be material and the effect prejudicial, in order to be subject· to exception, required a reversal, since the want of proper findings gave the unsuccessful party no opportunity to present to Supreme Court questions upon any particular item concerning which the trial court, in arriving at a general finding, might have erred in finding upon one or more disputed items, and thus have arrived at an incorrect total; and since this Court would thus be unaided by a separate finding as to each disputed item, and the appellant, in order to show that the general finding was supported by the evidence, must present the whole record. Held, further, that a party who fails to ask for a proper finding, where the court has wholly failed to make any finding,

required by law, upon a matter of essential right, does not waive such required finding.

**3   Judgment—Judgment on General Finding, Insufficient Special Findings—Error.**

A judgment based in part upon a general finding, the remaining findings, standing alone, being insufficient to support it, was erroneous.

Appeal from Circuit Court, Kingsbury County. Hon. ALVA E. TAYLOR, Judge.

Action by A. H. Davison against James A. Kellar, for an accounting under land leases, and for a money judgment for balance due; defendant interposing a counterclaim. From a judgment for plaintiff, and from a order denying a new trial, defendant appeals. Reversed and remanded with directions.

*E. F. Green,* and *Null & Royhl,* for Appellant.

*Warren & Warren,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Code Civ. Proc., Sec. 277; Telephone Co. v. Mitchell, 22 S. D. 193; Kierbow v. Young, 21 S. D. 180; Gull River Lumber Co. v. School Dist. No. 39, 1 N. D. 500, 48 N. W. 427; Anderson v. Alseth, (S. D.) 66 N. W. 320; Jandt v. South, 2 Dak. 46, 47 N. W. 779.

Respondent cited: Missouri River Telephone Co. v. City of Mitchell, 22 S. D. 191, 116 N. W. 67; McKenna v. Whittaker, 9 S. D. 442, 69 N. W. 587; Smith v. Cllaver, 25 S. D. 351, 126 N. W. 589; Jacobs v. Landermann, 137 Cal. 176, 69 Pac. 965; 38 Cyc. 1975, note 28, and cases cited.

(2) Under point two of the opinion, Appellant cited: Barnabe v. Beckley, 5 N. W. 976; Perkins v. Lumber Co., (Calif.) 52 Pac. 118; Ins. Co. v. Tribble, 86 Mo. App. 546.

Respondent cited: 1 Sutherland Code Pleading, 1161; Hayes v. Hayes, (Minn.) 137 N. W. 162; Cointe v. Congregation of St. John the Baptist, (Wis.) 143 N. W. 180.

(3) Under point three of the opinion, Appellant cited: Gull River Lumber Company v. School District No. 39, 1 N. D. 500, 48 N. W. 427; McKenna v. Whittaker, 9 S. D. 442.

Respondent cited: Custer County Bank v. Custer County, 18 S. D. 274, 100 N. W. 424; 38 Cyc. 1976, and cases cited.

WHITING, J. Plaintiff pleaded, as four separate causes of action, in substance as follows: (1) That he was the owner of

certain lands; that defendant went into possession of and farmed
such lands under a written lease during a period including the
years 1905, 1906, and 1907; that defendant had not made a true
and correct accounting of the products of said farm, but had
appropriated large amounts of grain and sums of money to his
own use; that he had sought an accounting which defendant had
evaded; that he had investigated and found certain shortages ex-
isting by virtue of transactions under such lease; and that there
were due him certain specified sums therein fully set forth, being
four sums claimed to be due for cash rental of certain pasture
lands and two for other things.    (2) That defendant occupied and
farmed the said lands, under another lease, during the years
1908 and 1909; that defendant had failed to make a true and
correct accounting of the products of said farm, but had appro-
priated grain and money to his own use; that he had sought an
accounting of defendant, which defendant had evaded; that he
had investigated and found certain shortages existing by virtue
of transactions under such lease; and that such claimed items of
shortage included seven separate items for alleged conversion
of grain.    (3) That defendant was indebted to plaintiff in the
sum of $400 for alleged waste committed through the injury and
destruction of a certain barn.    (4) That there might be other
items for which defendant should be held to account; that there
never had been a complete settlement and accounting between the
parties, and particularly as to certain stock placed upon said lands
by plaintiff; that defendant had refused to make an accounting of
said stock or of grain raised; and that defendant should be re-
quired to submit statements under oath of all the products of such
lands covering the years from 1905 to 1909, inclusive.    Defend-
ant pleaded the statute of limitations as to one item in the so-
called first cause of action; he entered specific denial of any lia-
bility as to each of the items set forth in the first three so-called
causes of action; and, in answer to the fourth cause of action, he
alleged that he had from time to time made full and complete re-
ports. Defendant then, by way of counterclaim, alleged that plain-
tiff was indebted to him in a large sum upon matters growing out
of their relation of landlord and tenant; the items of such claim
being set forth.    Such items included an alleged agreed balance
due for the year 1904, three separate items for breaking done,

three separate items for moneys advanced to pay for threshing grain, an item for seed grain furnished, board for certain men, cost of a certain cleaning machine, charge for binding twine furnished, three items for labor performed by defendant. Plaintiff, replying, entered a denial to each allegation contained in the counterclaim, and further pleaded, as to two of the charges therein set forth, that they were barred by the statute of limitations.

Trial was had to the court without a jury. Defendant proposed certain findings which were refused by the court. These proposed findings covered the ownership of the land, the making of the leases, and the farming of the lands thereunder. Such proposed findings set forth the fact that numerous items of account had been settled from time to time, but that certain items had not been included in such settlements, and that such items represent all unsettled matters between the parties. Then followed proposed findings as to certain items pleaded by each party, with a recapitulation of the amounts due thereunder, showing the amount due on each item, to whom due, the total of the items due each party, and the balance that, under such findings, would be due defendant. The trial court then made certain purported findings of fact, which, after setting forth the ownership of the lands, the leases, and the occupation and farming of the lands, thereunder, concluded as follows:

"That, during the regular course of said tenancy, numerous items of account arose between plaintiff and defendant, by reason of which the defendant became charged with certain of said items, consisting of the landlord's share of the crop raised on said leased premises and sold or used by the defendant under the terms of said contract and with the consent of the plaintiff, the proceeds from the sale of said hogs, and numerous other items properly charged against the defendant and in favor of the plaintiff in connection with said tenancy; also that during said tenancy the plaintiff became indebted to the defendant by virtue of certain labor and services performed by the said defendant, consisting of breaking done by defendant upon said leased premises, repair of buildings, digging stone, and numerous other items; that after considering all items so chargeable against the defendant, and all items to which the defendant is entitled to credit,

there is still a balance due and owing by the defendant to the plaintiff on final accounting of all transactions and dealings involved in said tenancy, of the sum of $367.94."

Judgment was entered for said $367.94 and costs, and the defendant appealed from such judgment.

Three questions are raised by the assignments of error herein: (1) Did the trial court err in failing to make separate findings either as to the several items of account pleaded or as to the several causes of action? (2) If there was error, was it reversible error? (3) Did the court err in entering judgment without specific findings as to the items of account?

[1] That the court should find the ultimate facts only, and should not find the evidentiary facts, has long been the settled law of this state. It has equally been the settled law of this state that the parties to an action tried by the court are entitled to a finding of fact upon each material issue of ultimate fact, properly raised by the pleadings. We think that this court, speaking through Justice Haney in McKenna v. Whittaker, 9 S. D. 442, 69 N. W. 587, not only correctly interpreted our statute, but also gave to the trial courts a guide which, at least in the majority of cases, should render it easy for such courts to determine just what should be covered by its findings in a particular case. The court in that case said:

"Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk. In giving the decision, the facts found and conclusions must be separately stated. Laws 1893, c. 72; Comp. Laws, § 5067; section 277, C. C. P. This statute does not contemplate a recital of merely evidential facts, or the language of the pleadings. It requires a statement of the ultimate facts responsive to the issues arising upon the pleadings—a finding upon each material issue of facts involved in the action. Gull River Lumber Co. v. School Dist. No. 39, 1 N. D. 500, 48 N. W. 427; Anderson v. Alseth, 8 S. D. 240, 66 N. W. 320; Jandt v. South, 2 Dak. 46, 47 N. W. 779. Simple as the rule seems to be, its application to particular cases frequently causes great perplexity. In many instances it is extremely difficult to determine what are 'ultimate facts,' as distinguished from evidence, on the one hand, and con-

clusions of law, on the other. Usually, the court's findings should substantially conform to the allegations of the pleadings, but they, are not always stated with accuracy and precision. The court should determine what material ultimate facts are at issue, and make its findings thereon, guided by the same considerations which would control it in framing special interrogatories for a jury. Statements which would be sufficient in a special verdict are sufficient when made by the court."

See McPherson v. Swift, 22 S. D. 174, 116 N. W. 76, 133 Am. St. Rep. 907; Telephone Co. v. City of Mitchell, 22 S. D. 191, 116 N. W. 67; Hyde v. Railway Co., 24 S. D. 386, 123 N. W. 849; Smith v. Cleaver, 25 S. D. 351, 126 N. W. 589.

We think the following from Farmer v. St. Croix Power Co., 117 Wis. 76, 93 N. W. 830, 98 Am. St. Rep. 914, to be peculiarly applicable to the case before us, whether we consider this case as an equity case, as contended by respondent, or one partly in equity and partly at law, as seems to be claimed by appellant.

"In a trial in equity they (the parties) are entitled to a decision by the trial court upon each material issue raised by the pleadings, and to such decision also in detail, to at least a reasonable degree, covering the matters not only deemed by the court material to sustain the final judgment, but all those matters as to which there is a reasonable controversy respecting whether they have a material bearing upon the rights of the parties or not. They are also entitled to the decision of the trial judge specifically upon the minor questions of law applicable to the facts found upon which the ultimate conclusion of law must rest. They are entitled to all that from the one who has the opportunity of hearing the evidence and of seeing the witnesses before he surrenders his jurisdiction over the case. That privilege is given or declared by statute in mandatory language in these words: 'The judge shall state in his decision separately: (1) The facts found by him; and (2) his conclusions of law thereon.' Stats. 1898, § 2863. That means manifestly, something more than a general finding of facts and a general conclusion of law. As to the facts, it means at least a finding in detail of matters essential to be stated in the pleadings to make out the cause of action or defense found by the trial court to exist. It means what it says, and nothing short of the specific findings and conclusions com-

manded satisfies the full measure of duty according to the standard set by legislative will."

The statute requiring the trial court to make findings being mandatory, and the court having failed to make such a finding as is contemplated by such statute, it follows that such failure was error.

[2] Was the error such as to require a reversal of the judgment entered by the trial court? Respondent says:

"Conceding for the sake of argument that the court should have set out the evidentiary items of account and its reasoning relating thereto, yet a failure to do so is not ground for reversal, because it is apparent that even then the judgment would necessarily be against the appellant."

In support of the above, respondent cites McPherson v. Swift, 22 S. D. 165, 116 N. W. 76, 133 Am. St. Rep. 907, and Naddy v. Dietze, 15 S. D. 26, 86 N. W. 753. The opinion in the first case points out certain circumstances under which the making of proper findings on only a part of the issues raised might not be reversible error; and such opinion then points out reasons why, under the facts of that particular case, the failure to make further findings was reversible error. In the second case this court held that proper findings had been made, and then said:

"If the plaintiff desired findings upon a particular point, or more specific findings, he should have requested them, and their omission without such request is not error."

There is a marked distinction between holding that a party must ask for further findings, or else be held to waive same, where the court has made proper findings sufficient to support a judgment, and holding that one waives the error of the court in failing to make proper findings when he neglects to ask for such findings, where the court has wholly failed to make any finding, required by law, upon a matter essential to a right of recovery.

Was the error prejudicial? If not, appellant is not entitled to a reversal of the judgment. Section 1, c. 172, Laws 1913; section 1, c. 178, Laws 1913. In Farmer v. St. Croix Power Co., supra, citing numerous former opinions of the same court in support thereof, it was held that "the judgment must be affirmed on appeal, unless it appears probable that the substantial rights of

the unsuccessful party may thereby have been injuriously affected"; and the court held, as we think erroneously, that in that, case it did not so appear. How could the unsuccessful party show that he has been prejudiced in the present case? Must he, upon this appeal, present to this court a settled record of the trial before the lower court and show that there was not sufficient evidence to support a judgment for the amount of the general finding? If, perchance, in arriving at its general finding, the trial court erred in passing upon one or more of the disputed items, and thus arrived at an incorrect total, appellant was, owing to lack of proper findings, given no opportunity to present to this court the evidence touching upon such particular item or items, which evidence might be very brief. To show that the general finding was unsupported by the evidence, he must present the whole record; moreover, this court would be compelled to consider the appeal, unaided by a finding as to each disputed ultimate fact—in other words unaided by a separate finding as to each disputed item. Appellant having a right of appeal given him by statute, the mere depriving him of the opportunity to directly, conscisely, and at as small an expense as possible point out the particular issue or issues of fact as to which the trial court erred in its findings, was prejudicial error, and such as requires this court to reverse the judgment and direct the trial court to make proper findings, to the end that, when such findings have been made, if appellant feels that he is aggrieved by any one or more of such findings, he can, in the manner contemplated by our statutes and by the rules of this court, properly present his claim of error or errors.

[3] The court erred in entering judgment for the reason that it had no right to enter a judgment based in part upon a general finding; the remaining findings, standing alone, being insufficient to support such judgment.

The judgment is reversed, and the cause remanded to the circuit court, with directions that such court make findings in accordance with the views herein expressed.