VIRGIL STATE BANK, Appellant, v. MILLER, Respondent.

(153 N. W. 904.)

(File No. 3722.    Opinion filed August 7, 1915.)

**Appeals—Error—Bank Overdraft—Insufficient Findings—Conclusions
of Law Without Findings of Fact—Reversal, With Directions.**

In a suit by a bank for amount of an overdraft on defendant's
account therein, caused by checks drawn by· defendant by his
son, who signed defendant's name by himself as agent, involv-
ing plaintiff's right to allow such overdraft by honoring checks
so signed, **held**, that findings that plaintiff in general banking
business received moneys and credits for and which were placed
on deposit with it, and thereby became subject to check by
depositors, that since a certain date defendant has been a
depositor with plaintiff, and that "on full accounting the Court
find that there is no overdraft due from defendant to plaintiff,"
were insufficient because indefinite, and that the finding as to
overdraft was not a finding of fact, but a conclusion of law;
and in view of the insufficiency of findings as to the time cov-
ered by the account, and of the fact that many checks cashed
by plaintiff and in evidence were neither signed by defendant
personally, nor by him by his son, the Supreme Court is unable
to determine from the record what the trial court decided;
and the judgment and order appealed from are reversed, with
directions to trial court to make definite findings of fact.

Appeal from Circuit Court, Beadle County.    Hon. ALVA E.
TAYLOR, Judge.

Action by the Virgil State Bank against S. M. Miller, based
upon checks causing an overdraft in defendant's account with
plaintiff (certain promissory notes being involved in another
branch of the case).    From a judgment for defendant upon the
cause of action involving the overdraft, and from an order de-
nying a new trial, plaintiff appeals.    Judgment and ordered re-
versed, with directions to make findings of fact.

See, 36 S. D. 46, 153 N. W. 903.

*H. C. Preston,* and *E. E. Wagner,* for Appellant.

*Null & Royhl,* for Respondent.

GATES, J.    This appeal, No. 3722, is taken from that part
of the judgment relating to the third cause of action and from an
order denying a new trial.    See opinion in No. 3711, filed here-
with, 36 S. D. 46, 153 N. W. 903.    Said cause of action was
alleged in the complaint as follows:

"1. That at the dates hereinafter mentioned the plaintiff was, ever since has been, and is now, a corporation organized and doing business as a banking corporation under and by virtue of the laws of the state of South Dakota.

"2. That at all times herein mentioned this plaintiff was engaged in the general banking business at Virgil, in the state of South Dakota, and as such did receive from various sources moneys and credits to be, and which were, placed upon deposit in said bank, and thereby because subject to check by the depositors thereof.

"3. That since the 13th day of April, 1909, the defendant has been a depositor of money with this plaintiff. That such deposits have been made from time to time and kept on deposit. That during the months of September and October, 1911, the defendant became indebted to plaintiff for money advanced by it, and paid by it upon certain checks drawn by the defendant, by one C. B. Miller, his agent duly authorized thereto, to sundry and various persons, whereby the defendant requested the plaintiff to pay said persons various and large amounts.

"4. That the plaintiff accepted said checks and paid the same.

"5. That at the times of the acceptance and payment of said checks the defendant had overdrawn his account of the moneys on deposit with plaintiff, and plaintiff was without funds of the defendant in its hands to meet the same, so that on the 30th day of October, 1911, there was remaining so overdrawn by said defendant the sum of thirty-eight hundred and five dollars and forty-three cents ($3,805.43). That the defendant has not paid the same, or any part thereof, although payment was demanded before the commencement of this action.

"6. That said sum of thirty-eight hundred and five dollars and forty-three cents ($3,805.43) is now due and owing from said defendant to this plaintiff, no part of which has been paid, with 7 per cent. interest thereon from the 30th day of October, 1911."

The answer was a general denial.

Plaintiff presented its proposed findings of fact and conclusions of law, conformable to the complaint, which the court refused. The court made the following findings of fact and conclusions of law:

"1. That at all times mentioned herein this plaintiff was engaged in the general banking business at Virgil, in the state of South Dakota, and as such did receive from various sources moneys and credits to be, and which were, placed upon deposit in said bank, and thereby became subject to check by the depositors thereof.

"2. That since the 13th day of April, 1909, the defendant has been a depositor of money with this plaintiff, that such deposits have been made from time to time and kept on deposit. That on full accounting the Court find that there is no overdraft due from defendant to plaintiff.

"Conclusions of Law."

"1. The court finds that the plaintiff is not entitled to judgment against the defendant on account of the alleged overdraft."

One of the important questions involved in this appeal is as to the right of the plaintiff bank to allow an overdraft in the bank account of defendant by honoring checks signed by the defendant, per C. B. Miller. It seems to be the theory of appellant that the accounting between the parties simply covered the months of September and October, 1911. On the other hand, it appears to be the theory of defendant that this is an accounting covering the entire period of the bank account, to-wit, from April 13, 1909, to October, 1911. There were offered in evidence by the defendant many checks, aggregating a large sum, cashed prior to September, 1911, which were neither signed by the defendant personally, nor by S. M. Miller, per C. B. Miller.

We are not able to determine from the record what the trial court has really decided. That portion of finding 2, to-wit, "That on full accounting the court find that there is no overdraft due from defendant to plaintiff," decides nothing definite. In fact, it is not a finding of fact, but is a conclusion of law. The parties, the attorneys, and this court are entitled to the benefit of a decision of the trial court upon facts. One of the things this court would like to know is whether on September 2, 1911, there was an actual overdraft of $177.23, as shown by the item of that date in Exhibit 8. If there was such overdraft at that time, then, let the subsequent account be set forth in the findings, showing what checks, if any, are rejected by the court, and let the conclusions show the reasons therefor. If, on the other hand, there was no

real overdraft on September 2, 1911, because of the fact that improperly drawn checks had theretofore been honored by the bank, then let the court make a finding showing what checks are rejected by the court, and in its conclusions the reasons therefor. What was said in Davison v. Kellar, 35 S. D. 285, 152 N. W. 106, is applicable here.

The judgment and order appealed from are reversed, with directions to the trial court to make findings of fact herein.