ELLENS, et al, Respondents, v. LIND, et al, Appellants.

(277 N. W. 40)

(File No. 8061. Opinion filed December 30, 1937)

*Bailey, Voorhees, Woods & Bottum,* of Sioux Falls, for Appellant.

*Doyle & Mahoney* and *B. O. Stordahl,* all of Sioux Falls, for Respondents.

ROBERTS, J.  On January 6, 1923, Mary Lind and husband executed and delivered to Theresa Ellens their promissory note for

$7,000 and to secure payment they executed a mortgage upon a tract of land in Lincoln county. The appellant, William H. Wasem, purchased the mortgaged property and title was conveyed to him by warranty deed, dated April 16, 1923. The mortgagee and appellant entered into a contract, dated December 19, 1927, which in part reads as follows:

"Whereas, Theresa Ellens has been requested to extend the time of payment of said note and mortgage as hereinafter stated, which she has consented to do in consideration of the payments to be made as hereinafter provided;

"Now therefore, the said William H. Wasem hereby agrees to pay the principal sum remaining unpaid as aforesaid, at the times and in the manner as hereinafter stated, to wit: the sum of $1,000 on the first day of March, 1928, the further sum of $1,000 on the first day of March, 1929, and the balance of $5,000 on the first day of March, 1933, with the privilege of paying $500 or multiples thereof on any interest paying date upon the principal sum."

Theresa Ellens died intestate and respondents, plaintiffs below, are the distributees of her estate. They brought this action to foreclose the mortgage and for a personal judgment against William H. Wasem. Plaintiffs allege in their complaint that by the terms of the aforesaid agreement the defendant William H. Wasem assumed and agreed to pay the mortgage debt. Appellant sets forth the defenses that this agreement was made for the sole purpose of extending the time of payment and that after its execution and delivery for the purpose of expressing and clarifying the intention of the parties thereto, Theresa Ellens executed and delivered to appellant on March 1, 1929, an instrument reading as follows:

"I, Theresa Ellens, the undersigned being the owner and holder of a certain note and mortgage originally for $7,000.00 made and executed by Mary Lind and Louis Lind, her husband, dated January 6, 1923, and filed for record January 15, 1923, and recorded in the office of the Register of Deeds office in Lincoln County, S. Dak., in Book 62 of Mortgages, on page 309 thereof, do hereby acknowledge receipt this day and date from W. H. Wasem, the sum of One Thousand dollars ($1,000.00) upon the princi-

pal sum of the said note and mortgage, and also the sum of Three hundred thirty dollars ($330.00), as interest up to date on said note and mortgage, leaving a balance due and unpaid of Five thousand dollars to mature March 1st, 1933 as per terms of a certain extension agreement between said parties dated December 19th, 1927, and in consideration of the above payments and a like amount paid on the principal sum March 1st, 1928, and a material reduction made on the first mortgage, I hereby release W. H. Wasem and Mary A. Wasem, his wife, from any and all personal liability that may have been created under the terms of the said extension agreement."

The trial court found that by the terms of the extension agreement the appellant assumed and agreed to pay to Theresa Ellens the mortgage debt and that she at no time released the appellant from any personal liability thereunder, and entered judgment against him in favor of the plaintiffs for the amount of the unpaid principal and interest.

It is a well-recognized rule of law that when land is purchased subject to an encumbrance and the purchaser assumes the encumbrance, he becomes personally liable. Zastrow v. Knight, 56 S. D. 554, 229 N. W. 925, 72 A. L. R. 379; Wright v. Anderson, 62 S. D. 444, 253 N. W. 484, 95 A. L. R. 81. The contract of assumption is usually evidenced by the insertion of a recital in the deed, stating that the grantee assumes and agrees to pay the mortgage, but such an agreement may be contained in a separate instrument. Leach v. Nelson, 50 N. D. 538, 196 N. W. 755; Hopkins v. Warner, 109 Cal. 133, 41 P. 868. Appellant contends that whenever it is sought to charge a grantee with the obligation to pay a mortgage the language which it is claimed imposes the obligation must show a clear and unequivocal assumption of the mortgage. There was no assumption of the mortgage in the deed conveying the land to the appellant, but subsequent to delivery of the deed and possession of the premises to appellant, the parties entered into the agreement referred to. Under its terms, the appellant agrees "to pay the principal sum remaining unpaid" and interest. This express obligation to pay principal and interest is not qualified by other language indicating a contrary intention, and the import is that appellant entered into a personal obligation. The terms

of the agreement cannot be otherwise fairly interpreted, and we think that the language shows a clear and unequivocal assumption of the mortgage debt.

The second defense is to the effect that a receipt and release signed and delivered by Theresa Ellens on March 1, 1929, was effective to discharge appellant from further personal liability. A carbon copy of this alleged instrument was offered in evidence. Appellant testified that the original was mislaid and, after an exhaustive search, could not be found. At the trial it was claimed by plaintiffs that no such receipt and release was ever executed, and that if it be found that such an instrument was signed and delivered, the payment of a part of the liquidated and undisputed debt afforded no consideration for the discharge of the balance. The only finding by the court on this issue was that "Theresa Ellens at no time released said defendant, William H. Wasem, from any personal liability." It is contended that the findings of fact do not cover all of the issues presented by the pleadings to the prejudice of appellant. When issues of fact are triable by the court, the parties are entitled to a finding of fact upon each material issue of ultimate fact properly presented by the pleadings. Section 2525, 2526, 2528, Rev. Code 1919; McKenna v. Whittaker, 9 S. D. 442, 69 N. W. 587; McPherson v. Swift, 22 S. D. 165, 116 N. W. 76, 133 Am. St. Rep. 907; Davison v. Kellar, 35 S. D. 285, 152 N. W. 106; Virgil State Bank v. Miller, 36 S. D. 23, 153 N. W. 904. The refusal or failure of the court to find, however, may not be ground for reversal for the reason that it is not prejudicial to any substantial right. It therefore becomes necessary to inquire whether the receipt and release, if in fact it was executed and delivered, would defeat a recovery of the balance. If not, then the failure or refusal of the trial court to find upon the issue whether the instrument was executed and delivered would not be prejudicial.

There was no controversy with reference to the amount of the claim. It appears to be well settled at common law that where a claim or demand is liquidated, and not in dispute, the payment and acceptance of a part of the debt affords no consideration for an agreement by the creditor to discharge the unpaid balance, at least where the debtor is not insolvent or seriously embarrassed

financially. i C. J. S., Accord and Satisfaction, p. 498. The hardship of such a rule is avoided in this state by statute. Sections 787, 792, Rev. Code 1919. Section 787 provides that "part performance of an obligation * * * when expressly accepted by the creditor in writing in satisfaction * * * though without any new consideration, extinguishes the obligation." By virtue of having purchased the premises subject to the mortgage, the land became the primary fund for the payment of the mortgage debt. Under the terms of the purported agreement, the land continued to be the primary fund for the payment of the mortgage and a satisfaction of the mortgage was not intended. We think, however, that under the statute the purported receipt and release, though without additional consideration, would constitute an extinguishment of personal liability.

A finding upon the issue whether Theresa Ellens signed and delivered the receipt and release was therefore necessary to a determination of the action. The general finding to the effect that she at no time released the appellant from personal liability does not indicate whether the court concluded that the personal obligation continued because of the absence of any new or additional consideration or because the instrument was not executed and delivered. These contentions were presented to the trial court, and for reasons stated, the action of the court viewed either as a failure to find upon a material issue or a failure to find more specifically constituted prejudicial error.

The judgment appealed from is therefore reversed and the cause is remanded to the trial court to make findings of fact upon all material issues, and upon such findings of fact and conclusions of law to make and enter judgment accordingly. This is to be done upon the present record without new trial or other proceedings below.

All the Judges concur.