Harold KEPHART, Plaintiff and Appellant,

v.

LeRoy BACKHAUS, As Guardian Ad Litem of John Backhaus, Defendant and Appellee.

No. 13286.

Supreme Court of South Dakota.

Considered on Briefs Aug. 11, 1981.

Decided Nov. 18, 1981.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Richard D. Hagerty, Yankton, for defendant and appellee.

WOLLMAN, Chief Justice.

Following a trial to the court, appellant was awarded $2,666.04 for damages sustained in an automobile accident. We affirm.

Appellee admitted liability for the collision, which occurred at the intersection of State Highways 50 and 19 near Vermillion on January 2, 1978. The court awarded appellant $560.04 for damages to his vehicle, $606 for his medical expenses, and $1,500 "for any wages lost due to the accident and for pain and suffering." *

The sole issue on appeal is whether the award for lost earnings allowed by the trial court was insufficient. After considering the testimony of appellant and his witnesses, the court found that appellant was totally disabled from January 2 to February 6, 1978, as a result of back injuries sustained in the accident, and was partially disabled from February 7 through May 17, 1978, after which time he was fully employable. Appellant had voluntarily terminated his employment on December 31, 1977, and admitted at trial that prior to the accident he had not planned to look for work for another two months. Appellant was neither hospitalized nor homebound during the time of disability. During this time he continued treatment with the chiropractor he had been seeing for treatment of an earlier back injury.

■ Damages must be proved with reasonable certainty. *Schmidt v. Forell*, 306 N.W.2d 876 (S.D.1981); *Schmidt v. Wildcat Cave, Inc.*, 261 N.W.2d 114 (S.D. 1977); *Fredrick v. Dreyer*, 257 N.W.2d 835 (S.D.1977). Loss of past earnings is capable of fairly definite proof. *Byre v. Wieczorek*, 88 S.D. 185, 217 N.W.2d 151 (1974); *Allen v. Martley*, 77 S.D. 133, 87 N.W.2d 355 (1958).

■ This Court will not set aside a lower court's findings of fact unless they are clearly erroneous, and "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." SDCL 15–6–52(a). As we said in *In re Estate of Hobelsberger*, 85 S.D. 282, 289, 181 N.W.2d 455, 459 (1970):

> In applying the clearly erroneous standard we must bear in mind that our function is not to decide factual questions de novo. The question for the appellate court is not whether it would have made the same findings the trial court did, but whether on the entire evidence it is left with a definite and firm conviction that a mistake has been committed.

■ After a review of the evidence, we cannot say that we are left with a definite and firm conviction that the trial court erred in failing to grant appellant more than $1,500 for wages lost due to the accident. The record supports the award. Accordingly, the judgment is affirmed.

* Although it may be conceded that the trial court should have stated its findings separately on the issues of lost earnings and pain and suffering, in view of appellant's testimony that he had voluntarily terminated his employment prior to the accident and that he had not planned to look for work for another two months, the failure of the trial court to make separate findings was not prejudicial to any substantial right. *Ellens v. Lind*, 65 S.D. 620, 624, 277 N.W. 40, 42 (1937).

DUNN, MORGAN and FOSHEIM, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

A blessing of this meager award places another brick in the ever-towering wall that prevents fair verdicts and adequate damages for the innocent injured. It is to be remembered and emphasized that appellant was blameless; appellee admitted liability and called not one witness to refute appellant's damage claims.

As the majority opinion states, the trial court awarded appellant $1,500 "for any wages lost due to the accident and for pain and suffering." This finding of fact, lumping off damages, makes it impossible to determine at the appellate level what amount of the award is attributable to lost wages and what amount is attributable to pain and suffering.

Compensable items of damage were not separately found. SDCL 15–6–52(a) provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall ... find the facts specially and state separately its conclusions of law thereon[.]" Expounding upon this rule of law, this Court held in *Ellens v. Lind*, 65 S.D. 620, 624, 277 N.W. 40, 42 (1937):

> When issues of fact are triable by the court, the parties are entitled to a finding of fact upon each material issue of ultimate fact properly presented by the pleadings. Sections 2525, 2526, 2528, Rev. Code 1919; *McKenna v. Whittaker*, 9 S.D. 442, 69 N.W. 587; *McPherson v. Swift*, 22 S.D. 165, 116 N.W. 76, 133 Am.St.Rep. 907; *Davison v. Kellar*, 35 S.D. 285, 152 N.W. 106; *Virgil State Bank v. Miller*, 36 S.D. 23, 153 N.W. 904. The refusal or failure of the court to find, however, may not be ground for reversal for the reason that it is not prejudicial to any substantial right.

See also *Bell v. Midland Nat. Life Ins. Co.*, 78 S.D. 349, 102 N.W.2d 322 (1960); *Craigo v. Craigo*, 22 S.D. 417, 118 N.W. 712 (1908).

Including other items of damage, appellant's complaint separately prayed for damages due to (1) lost wages and (2) pain and suffering. Moreover, at the conclusion of trial, appellant proposed separate findings with regard to these same distinct elements of damage. The trial court, however, saw fit to merge this damage award into one finding. In my opinion, it was error.

By not severing its findings of fact to separately canvas each item of damage, the court below precluded effective judicial review on the question of the propriety of damages. There can be no doubt that this preclusion prejudices appellant's substantial right to review. *Ellens v. Lind*, supra. A dollar lost in wages is simply not comparable to a throe of pain. It does not square with my sense of justice to lump pain and wages together as if they shared common causation, elements, and flowing damage. The trial court's decision obfuscates the true measure of damages; it confuses and beclouds. It creates an inherent unfairness for an injured party whose only recourse is to walk that restrictive path to the courtroom door, seeking not retribution but rather his fair day in court and a just verdict.

I do not reach the question of whether the trial court was clearly erroneous in its award. Indeed, under the present status of the findings, that particular level of appellate review cannot properly be conducted.

Without sacrificing my academic premise on the non-necessity of reaching the clearly erroneous issue, I nonetheless feel compelled to meet the thrust of the footnote in the majority opinion. The trial court placed undue emphasis upon the fact that the injured plaintiff desired to take time off to remodel his house. Due to his injuries, he was never able to do that, thereby being deprived of his own labor. Such loss of labor should not inure to the benefit of the wrongdoer. Appellant's unemployment at the time of the accident is not the sole or determining factor in computing damages. Evidence at trial, totally undisputed, revealed that appellant was a steady worker and averaged over $1,000 in monthly wages as a truck driver during the three years

immediately prior to the accident. An exhaustive review relating to damages, lost wages, and diminishment of earning capacity is found in *Byre v. Wieczorek*, 88 S.D. 185, 217 N.W.2d 151 (1974). This Court cited extensively, with approval, 22 Am. Jur.2d, Damages, § 91 (1965), to include this statement:

> There is no single method of proving the value of plaintiff's lost time prior to trial. It is impossible to state one rule for all cases, because of the differences in the background and occupations of plaintiffs prior to injury. For example, in a particular case, the plaintiff may have been unemployed at the time of injury, he may have been working for profits, or he may have been employed on a commission basis or at a stated wage or salary— or he may have been working on some combination of these plans. Each case requires a different method of proof in estimating the value of the time lost prior to the trial, because of the injury. The basic test, however, involves a determination of what the plaintiff's services would have been worth during the time he was incapacitated by the injury, considering the income (if any), health, age, education, and background of the plaintiff.

The majority opinion takes a myopic view towards a damage award for a temporarily unemployed workman. Appellant's last day for work was December 31, 1977; he was injured on January 3, 1978. Rather short unemployment!

The judgment of the trial court should be reversed and remanded to allow for separate findings on each specific predication of damages. Then, and only then, will the trial court's true judgment be exposed; and then, and only then, may I, as an appellate justice, accurately review this lump-off award.