**WALLING CHEMICAL COMPANY, a Corporation, Plaintiff and Appellee,**

v.

**Joseph BIGNER, Mark Bakker, and Great Plains Chemical, a Corporation, Defendants and Appellants.**

**No. 14159.**

Supreme Court of South Dakota.

Argued Nov. 29, 1983.

Decided June 13, 1984.

John L. Wilds and John E. Burke of Burke & Wilds, Sioux Falls, for plaintiff and appellee.

Thomas J. Welk of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendants and appellants; Paul T. Barnett, Legal Intern, Sioux Falls, on brief.

MORGAN, Justice.

This appeal arises from a $40,000 judgment entered in favor of Walling Chemical Company (Walling Chemical) and against the Great Plains Chemical Company (Great Plains). Great Plains appeals and we affirm.

Walling Chemical sells industrial water treatment products. Joseph Bigner (Bigner) began working for Walling Chemical in 1971. Mark Bakker (Bakker) began working for Walling Chemical in 1977. In October 1978 Bud Walling, owner of Walling Chemical (Walling), required his salesmen, including Bigner and Bakker, to sign an employment contract containing a detailed secrecy agreement (non-disclosure agreement). In October 1980, Bigner contemplated leaving Walling Chemical. During that same month, Bakker approached Bigner about starting a business in Montana. In the latter part of December 1980, the two salesmen incorporated Great Plains and a month later, in January of 1981, Bakker and Bigner resigned from Walling Chemical. Bigner admitted that just prior to his resignation, he copied Walling Chemical's customer index file. There was conflicting testimony at trial regarding whether or not Great Plains ever used this file. On January 15, 1981, Walling Chemical commenced this action against Great Plains, Bakker and Bigner, based on four causes of action: (1) an action in tort based on conversion; (2) an action for claim and delivery and return of certain personal property; (3) an action in trespass; and, (4) an action for exemplary damages. The case was submitted to a jury as a breach of employment contract case. The jury returned a judgment awarding $40,000 to Walling Chemical and Great Plains filed this appeal.

This opinion consolidates the six issues Great Plains raises on appeal into four basic areas: (1) the enforceability of the nondisclosure clause; (2) the denial of Great Plains' motions for directed verdict, judgment notwithstanding the verdict and new trial; (3) the sufficiency of the evidence to support damages; and (4) the denial of admission of certain evidence in proving damages and fault.

■ Initially, this opinion examines the last issue presented by Great Plains; whether the trial court erred by excluding evidence that Bud Walling utilized records of one of his past employers in starting Walling Chemical. The trial court ruled that such evidence was irrelevant and immaterial. The question as to whether evidence is immaterial is left to the discretion of the trial court. *Durham v. Ciba-Geigy Corp.*, 315 N.W.2d 696, 699 (S.D.1982). The evidence involved here focused on conduct alleged to have occurred before 1971, some ten years prior to commencement of this lawsuit. Additionally, the value of this evidence is questionable in that there is conflicting evidence as to whether Walling Chemical received ten percent or ninety percent of its business from Bud Walling's former employer, Dearborn Chemical. The record below clearly shows that the alleged conduct shown by this evidence was temporally remote from the present case and was not pertinent to the business relationship between the present parties. Consequently, the trial court did not abuse its discretion in excluding this evidence.

■ Great Plains also questions whether the trial court erred in determining that the nondisclosure clause was enforceable as a matter of law. Great Plains initially argues that this clause was not enforceable because the agreement terminated when Bigner and Bakker resigned from Walling Chemical. This interpretation of the employment agreement fails in that it is clearly contrary to the purpose of the clause. The obvious purpose of the nondisclosure clause was to prevent Walling Chemical employees from utilizing particular knowledge gained through their employment in any manner competitive with Walling Chemical either during or after that employment.

Great Plains next argues that the nondisclosure clause is unenforceable under this court's previous decision in *First American Systems, Inc. v. Rezatto*, 311 N.W.2d 51 (S.D.1981). In *Rezatto*, this court recognized the principle that nondisclosure clauses are "strictly construed and enforceable only to the extent reasonably necessary to protect the employer's interest in confidential information." 311 N.W.2d at 57. Also in *Rezatto*, this court set out the elements necessary for enforcement of employment contract nondisclosure clauses. The court requires (1) that a trade secret or confidential relationship exists; (2) that the employer does not disclose such information to others not in a confidential relationship; and (3) that such information is not legitimately discovered and openly used by others. *Id.*

■ Applying these factors here, we find that the employer-employee relationship between Walling Chemical and Bakker and Bigner was a confidential relationship. Within this confidential relationship, Bakker and Bigner worked with the Walling Chemical customer index file, basically a customer list, and devised specific chemical formulas for various customers. Possession of this customer list, complete with customer formulas, provides a business advantage over competitors who lack the information, and the list therefore qualifies as a trade secret. According to testimony, Walling did not disclose this information to anyone not employed by Walling Chemical. Further, these customer lists and formulas are neither legitimately discoverable nor used by other companies. Consequently, under the three-prong test of *Rezatto*, the present clause is enforceable against Bakker and Bigner.

■ Great Plains also attacks the enforceability of the nondisclosure clause incorporated in Walling Chemical's Sales Representative Agreement because it is not limited in either time or territory. In *Rezatto*, we held that agreements which are unreasonable as to the period of restriction or the area encompassed may be partially enforced. 311 N.W.2d at 56. The agreement in *Rezatto* extended for a period of ten years and we noted in that opinion that we found no cases that held such duration reasonable and we thereupon remanded to the trial court to fix a reasonable duration. 311 N.W.2d at 59. The relief sought in *Rezatto*, however, was injunction; whereas, in this case, the relief sought was for breach of contract damages. The period involved here was approximately two years. We hold that period to be within the acceptable limits suggested in *Rezatto*.

■ We consider the absence of territorial limitations, in the employment agreement with reference to the three-prong test enunciated in *Rezatto:* "[A] covenant is reasonable only if it (1) is no greater than required for the protection of the employer, (2) does not impose undue hardship on the employee and (3) is not injurious to the public." 311 N.W.2d at 59. The employment agreement refers to Appendix A which establishes the territorial limitations of the sales representative's authority. In any event, we can assume the area referred to in the secrecy agreement or nondisclosure clause was the same area within which the sales representatives were authorized to represent Walling Chemical. Inasmuch as the restriction was on use of confidential information regarding Walling Chemical's customers, we likewise consider that restriction to be reasonable.

■ The next issue raised by Great Plains is that the trial court erred in denying its motions for a directed verdict, for judgment notwithstanding the verdict and for a new trial. In reviewing the denial of a motion for directed verdict and a motion for judgment notwithstanding the verdict, this court views the evidence in a light most favorable to the nonmoving party and gives that party the benefit of all reasonable inferences. *Cox v. Brookings International Life Ins. Co.*, 331 N.W.2d 299, 300 (S.D.1983). If there is enough evidence to allow reasonable minds to differ, then denial of the motion for a directed verdict is appropriate. 331 N.W.2d at 300. Additionally, the trial court should grant a new trial on the basis of insufficiency of the

evidence to support a verdict only when it appears that the evidence was conflicting on several controlling points and the findings of fact were unreasonable, arbitrary and unsupported in light of the other evidentiary facts proven. *Lewis v. Storms,* 290 N.W.2d 494, 497 (S.D.1980). The ruling of the trial court should not be disturbed absent a clear showing of an abuse of discretion. *Id.*

Great Plains contends the motions for a directed verdict, judgment notwithstanding the verdict, and for a new trial should have been granted due to insufficient evidence to support the existence of damages. This case was submitted to the jury as a breach of contract case and damages for breach of contract must be "clearly ascertainable in both their nature and origin." SDCL 21–2–1. Damages must be proved with a reasonable degree of certainty, *Kephart v. Backhaus,* 312 N.W.2d 473, 474 (S.D.1981), and this court recently stated, that "a new trial will be granted in an action for breach of contract where the evidence is shown clearly insufficient to support the verdict." *Osterkamp v. Alkota Mfg., Inc.,* 332 N.W.2d 275, 279 (S.D. 1983).

Here, Great Plains argues that Walling Chemical's gross sales increased by $300,000 from 1980 to 1982, the years in question, and thus, Walling Chemical could not prove damages from any breach of the nondisclosure clause. This argument fails, however, in that the gross sales volume Walling Chemical retained is not at issue. At issue are the sales Great Plains made to customers that stopped purchasing from Walling Chemical and switched to Great Plains. The record indicates that ten percent of Great Plains' customers were former Walling Chemical customers. Thus, although Walling Chemical's gross sales did increase overall, the loss of a substantial number of customers to Great Plains had a detrimental impact on Walling Chemical's gross sales figure. Since this evidence is *not* "clearly insufficient to support the verdict," *Osterkamp,* 332 N.W.2d at

279, the trial court did not err in denying these motions.

Finally, Great Plains contends the judgment of $40,000 is not supported by sufficient evidence. In conjunction with this contention, Great Plains argues that Exhibit 11A, a pro-forma balance sheet prepared by Walling Chemical's accountant and presented by Walling Chemical to prove damages, was irrelevant and speculative and should not have been admitted. Whether evidence is immaterial, conjectural, or remote, must be left to the practical judgment of the trial court and rests largely in its discretion. *Durham,* 315 N.W.2d at 699; *Drier v. Perfection, Inc.,* 259 N.W.2d 496, 507 (S.D.1977). In the judgment of the trial court, these exhibits were admissible and from the record the trial court did not abuse its discretion in admitting them into evidence. Accordingly, the trial court should be affirmed on all the evidentiary questions. This balance sheet shows that in 1982, the projected sales were $1,800,000, but actual sales were $1,632,000. According to Walling's testimony, this difference of $167,000 is attributed to the sales Great Plains made to former Walling Chemical customers. The record is undisputed that during early 1981 eighty-five percent of Great Plains' sales were to former Walling Chemical customers and the actual amount of sales by Great Plains to former Walling Chemical customers was greater than $167,000.

Despite Great Plains' argument that the $167,000 difference between projected sales and actual sales shown in the exhibit is purely speculative and that contract law requires that damages be shown with certainty, the evidence supports Walling Chemical's contention as to damages. *See* SDCL 21–2–1; *Kephart, supra.* In addition, Walling Chemical points out that certainty as to damages addresses whether in fact damages have been sustained. *Basic Chemicals, Inc. v. Benson,* 251 N.W.2d 220 (Iowa 1977). Because the uncertainty lies only in the amount of damages rather than the existence of damages, and there is proof of a reasonable basis

from which the amount can be inferred, Walling Chemical may recover. *See Basic Chemicals, Inc., supra.*

After hearing the evidence, the jury returned a judgment in the amount of $40,000 in favor of Walling Chemical. This evidence as to lost sales, lost profits, percentage of lost customers, and the balance sheet, was sufficient basis for the jury verdict.

We affirm the judgment.

All the Justices concur.