VIRGIL STATE BANK, Respondent, v. MILLER, Appellant.

(153 N. W. 903.)

(File No. 3711.   Opinion filed August 7, 1915.)

**Principal and Agent—Bank Account in Principal's Name—Notes, Authority to Sign.**

In an action by a bank upon notes executed in defendant's name by his son, involving a bank account opened as a basis for buying and shipping cattle, held, that the conversations between defendant and the bank cashier and an employee, concerning authorization by defendant to his son to check against the account in defendant's name, and the course of subsequent dealings in which various notes, including those in suit, were executed by the son as agent, some of which notes were paid in course of the business, constituted sufficient evidence to sustain findings by trial court for plaintiff.

Whiting, J., dissenting.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by the Virgil State Bank against S. M. Miller, upon promissory notes (a check being involved in another branch of the case). From that part of the judgment which was in favor of plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order affirmed.

See, 36 S. D. 23, 153 N. W. 904.

*Null & Royhl,* for Appellant.

*H. C. Preston,* and *E. E. Wagner,* for Respondent.

GATES, J. This appeal, No. 3711, was prosecuted from a portion of the judgment rendered in the above-entitled action, and from an order denying a new trial. The first cause of action was based upon a promissory note given to the plaintiff for $1,300, dated May 2, 1911, and due August 1, 1911, signed by the defendant, by C. B. Miller, his son. The second cause of action was based upon a note for $400, similarly signed, given to the Bank of Alpena, dated February 18, 1911, and due October 1, 1911, which was transferred to plaintiff. The third cause of action was based upon certain checks drawn upon plaintiff's bank by S. M. Miller, per C. B. Miller, by which an overdraft in the sum of $3,805.43 was caused in the bank account standing in the name of the defendant in the plaintiff bank. The trial court found in favor of the plaintiff upon the first and second causes of action, and found in favor of the defendant upon the third cause of action, and rendered judgment accordingly.

The present appeal is taken by defendant from that portion of the judgment relating to the first and second causes of action. The plaintiff has appealed from that portion of the judgment relating to the third cause of action; but that appeal, No. 3722, is treated in a separate opinion filed herewith. 36 S. D. 23, 153 N. W. 904.

The defendant opened an account with plaintiff bank on April 13, 1909, depositing the sum of $650. The cashier, Mr. Heberlein, testified as follows in regard to that transaction:

"Best I can remember now he said: 'I want to open an account here; want to make a deposit. My son, C. B. Miller, will check against that account and deposit, and any paper signed S. M. Miller, by C. B. Miller, you will honor to my account.' I said: 'Well you are a stranger; I don't know your signature. I would like the signature of the party who is going to check on this account.' Exhibit 6 purporting to be 'S. M. Miller, by

C. B. Miller,' is the signature card that was written on that day, that was to be recognized as S. M. Miller's official signature with our bank. He told me he did not expect to be able, or that he didn't expect, to check much on that account himself; that C. B. Miller— I asked him how soon that he was going to begin doing business. He says, 'We are here now,' he says, 'he is going to stay,' he said. 'Don't be surprised if he buys two or three cars of cattle inside of a week,' he says. 'Any paper drawn by S. M. Miller, by C. B. Miller, honor.' "

This testimony was corroborated by that of H. M. Moore, an employee of the bank, who testified as follows:

"I was in the bank when that transaction took place, saw S. M. Miller, and heard a conversation between him and Mr. Heberlein with reference to his opening an account with the bank. Mr. Miller said: 'I will leave this draft here, and my son is going to do business here, and any papers that he may sign S. M. Miller, by C. B. Miller, you will honor them, and I will stand back of it.' Exhibit 6, the signature of S. M. Miller, by C. B. Miller, was made at that time just after the deposit was made."

The defendant, when called by the plaintiff for examination under the statute, stated he could not recall any conversation detailed by Mr. Heberlein, but later, when called in his own behalf, denied it.

It is claimed that defendant did not know that his son was signing his name to promissory notes. If the testimony of Mr. Heberlein is to be believed, he did have such knowledge, viz.:

"The note was made by C. B. Miller, signed S. M. Miller, by C. B. Miller. The register shows note given by S. M. Miller, by C. B. Miller, September 4, 1909, for $1,250, due in 30 days. That note was turned over to C. B. Miller when paid, about October 5, 1909. I do not know where it is now. S. M. Miller had it in his possession for inspection."

Heberlein testified further that such interview with defendant took place about 20 to 30 days after that note was given, and that:

"He was shown two notes. One was a note signed S. M. Miller, by C. B. Miller, dated September 4, 1909, for $1,250, 10 per cent. interest, payable in 30 days. He saw that note in my presence; he picked it up and said it would have to be taken care

of before he went home.  This is the note that is referred to in the register, which I said was subsequently returned to C. B. Miller.  He examined another note for $225, which is shown in the note record, Exhibit 22, note dated September 13, 1909.  The last time I saw that note was October 5, 1909, in the bank.  It was turned over to C. B. Miller, and I have not seen it since. Harlan Moore and I think S. M. Miller was there when it was turned over.  It was signed S. M. Miller, by C. B. Miller, for $225, 10 per cent. interest, payable to Virgil State Bank.  It was subsequently paid with a check which will be among the checks of October 5, 1909.  The two notes last referred to were paid October 5, 1909.  I am of the opinion S. M. Miller was present when they were paid."

The evidence offered on behalf of plaintiff tends to support plaintiff's theory that defendant opened the bank account for the purpose of having his son engage in his name in the business of buying and selling stock.  The evidence further shows that, upon succeeding Mr. Heberlein as cashier of the plaintiff bank, Mr. Mann wrote defendant as follows:

"Mr. S. M. Miller, Raymond, Ill.—Dear sir:  *  *  *  As I have just took the cashiership of the bank here, and as Charley is doing quite a large business in your name, I would like a letter from you stating how much and in what way I shall let him have money.  Hoping to hear from you as soon as possible, I am

"Very truly yours,                    W. H. Mann.

"P. S.—In case Charley need additional capital to do business, has he authority to give your note for same?

In reply the defendant wrote:

"Raymond, Illinois, 7-2-10.

"Virgil State Bank, Cashier, Virgil, S. D.—Dear Sir:  Yours of the 27th at hand and will say C. B. Miller is 21 years old. *  *  *

"Respectfully,                         S. M. Miller."

Knowing that his son was giving promissory notes in his name, and knowing that his son was doing a large business in his name, would it not be reasonable to expect that the defendant would have told the bank not to let the son have money upon his

4—Vol. 36, S. D.

credit, if he was unwilling to have his credit so used·? To be sure, the defendant explains his delphic reply by saying that he meant for the bank "to transact business with him" (Charley) "like he was a man, not like he was a boy." If the jury interpreted that reply as an authorization to the bank to continue to loan the son. money upon promissory notes signed "'S. M. Miller, per C. B. Miller," and did not place credence upon plaintiff's explanation, we are not here to say that such interpretation was unwarranted. It seems to us, from a careful examination of the whole record and the record in the appeal No. 3722, to which reference was made in the briefs, that the question is simply one of credibility of the witnesses. The note for $1,300 was given to plaintiff to take up a note for $800, and the difference was placed to credit of defendant's bank account. The note for $400 was given in part payment for cattle purchased by C. B. Miller at a sale after the cashier of the Bank of Alpena had talked with the cashier of the plaintiff bank, and had been informed as to the manner in which the defendant was carrying on the business of buying and selling stock through his son. If the testimony of Mr. Heberlein is true, the defendant must have contemplated either the giving of notes or the incurring of overdrafts, because it is apparent that the son could not buy two or three cars of cattle with a bank account of $650.

We are of the opinion that there is sufficient evidence to sustain the findings and judgment, and that no error was committed.

The judgment and order denying a new trial are affirmed.

WHITING, J., dissenting.