McKEON, Respondent, v. DELBRIDGE, Appellant.

(226 N. W. 947.)

(File No. 6625. Opinion filed October 15, 1929.)

*Ray E. Dougherty,* of Sioux Falls, for Appellant.

*Mundt & Mundt,* of Sioux Falls, for Respondent.

MISER, C. This appeal is from an order overruling a demurrer to respondent's complaint. The demurrer specified that the complaint did not state facts sufficient to constitute a cause of action. The complaint alleged that, on February 14, 1926, at 1:15 a. m., while the plaintiff was crossing Phillips avenue in the city of Sioux Falls, between Tenth and Eleventh streets, the defendant struck with his automobile and ran over plaintiff, thereby causing great bodily injury; that the injuries were directly caused by the negligence and carelessness of defendant in driving the car at an excessive rate of speed, to wit, 40 miles an hour, in failing to give any warning of his approach, in failing to have the lights on his automobile lit, and in being on the wrong side of the street traveling south, to wit, on the east side of the street; that the injuries were sustained through no fault or negligence on the part of the plaintiff, but wholly on account of the carelessness and negligence of the defendant. The complaint further alleges the particular physical injuries received, and asks damages therefor.

Appellant contends that the complaint admits an act on the part of the plaintiff commonly known as "jay-walking"; that this,

as a matter of common knowledge and subject to judicial cognizance, is an act of negligence, and especially so in this case, because within the jurisdiction of the court trying the case was the city of Sioux Falls; that, therefore, the court should have taken judicial notice of the fact that Phillips avenue was the busiest street in the largest city in the state, and that Phillips avenue, between Tenth and Eleventh streets, was in the heart of the business district of the city and one of the busiest places on Phillips avenue. Although appellant cites many authorities on the proposition that a court cannot blind its eyes to the knowledge of a fact which is notorious throughout its jurisdiction, appellant cites no authority to support his contention that one "jay-walking" at 1 :15 in the morning, at such a place as Phillips avenue, between Tenth and Eleventh streets, in Sioux Falls, is per se contributorily negligent, if run down by an automobile going 40 miles an hour on the wrong side of the street.

Appellant points to Culhane v. Waterhouse, 51 S. D. 584, 215 N. W. 885, 886, as a parallel case, and as furnishing authority for holding that the act of plaintiff in so crossing the street should be declared to be an act of contributory negligence as a matter of law. No useful purpose would be served by pointing out the many points of difference between the facts in this case, admitted by demurrer, and the facts of the case cited, as they appeared on motion for directed verdict at the close of plaintiff's case. Appellant's contention is stated thus: "Certainly, if standing in a ditch at the side of a road is held to be an act of negligence as a matter of law, cutting across the principal street in the middle of the block of the largest city in the state should, without a doubt, be declared to be an act of contributory negligence as a matter of law."

But this court did not hold, in Culhane v. Waterhouse, that merely standing in a ditch at the side of a road was negligence as matter of law. That opinion will disclose, among others, the following additional facts: The ditch was 16 feet wide, and sloped gradually from a graveled highway 24 feet wide. From the bottom of the ditch to the top of the road was about 20 inches. The party injured was standing at the left of a car, which was facing the oncoming car. She could not be seen by the driver of the oncoming car, because of the darkness of the night and the shining headlights of the standing car. Because the standing car faced

west, and was on the south side of the road, when the car coming from the west approached and turned to the right, it, too, traveled along this ditch. The party injured saw the car turn to the south. When it was 100 feet away, she said: "That car is going to hit us." When it struck her, it was going 15 miles an hour, and was so close to the standing car that it scraped along side of it.

The complaint demurred to pleads no ordinance prohibiting a pedestrian from crossing Phillips avenue, nor are we cited in appellant's brief to any statute having a like effect. There is authority to the effect that, in the absence of prohibitory statute or ordinance, a pedestrian may cross a city street at any place, unless so dangerous that no reasonably prudent person would attempt to cross it, being bound, in so doing, however, to exercise care commensurate with the increased danger incident to being at a place where pedestrians do not usually go. Berry, Automobiles (5th Ed.) p. 281, § 339; Remington v. Machamer, 192 Iowa, 1098, 186 N. W. 32; Wine v. Jones, 183 Iowa, 1166, 162 N. W. 196, 168 N. W. 318; Johnson v. Schuler, 152 Minn. 137, 188 N. W. 271; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568.

"A pedestrian has a right to cross a street diagonally in the middle of the block, subject to the duty of making reasonable use of his senses in order to observe impending danger, and whether he is in the exercise of ordinary care in so doing is usually for the jury." Blashfield, Cyc. Auto. Law, § 15, vol. 2, p. 1043; Fox v. Great Atl. & Pac. Tea Co., 84 N. J. Law, 726, 87 A. 339; Lamont v. Adams Express Co., 264 Pa. 17, 107 A. 373; Cowell v. Saperston, 149 App. Div. 373, 134 N. Y. S. 284.

"There is no rule of statute or ordinance which prohibits 'jay walking,' and it therefore is not negligence per se. Whether or not it would be negligence under a given state of facts is a question of fact for the jury." Gett v. Pacific Gas & El. Co., 192 Cal. 621, 221 P. 376, 378; Hatzakorzian v. Rucker-Fuller Desk Co., 197 Cal. 82, 239 P. 709, 41 A. L. R. 1027; 13 R. C. L. 297, § 247; 29 C. J. 659, 665.

We are of the opinion that the complaint does not allege any facts from which it necessarily follows, as a matter of law, that the plaintiff was guilty of contributory negligence.

The order of the trial court is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.