**HUSKY REFINING CO. v. BARNES et al.**

No. 9710.

Circuit Court of Appeals, Ninth Circuit.

May 7, 1941.

O. R. Baum and Ben Peterson, both of Pocatello, Idaho, and W. G. Bissell and Branch Bird, both of Gooding, Idaho, for appellant.

T. D. Jones and Ralph H. Jones, both of Pocatello, Idaho, for appellees.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is a suit by the heirs of Lester Barnes to recover damages for his wrongful death. There was a verdict in their favor for $10,000, and from the judgment thereon the defendant appeals.

Barnes was a motorman of a motor coach or train operated by the Union Pa-

cific Railroad Company. He was killed near Rigby, Idaho, in a crossing collision between the motor coach and a gasoline truck operated by appellant. The complaint alleged as the ground for recovery that the truck was negligently driven upon the crossing into the path of the oncoming coach. The answer alleged as a defense that the collision was the consequence, in whole or in part, of the negligence of Barnes in operating the coach and of the railroad company in failing to provide a safe crossing.

The evidence need not be considered in detail. It was in line with the respective theories of the parties as disclosed in their pleadings; and appellant does not challenge the sufficiency of the showing that the driver of its truck was negligent. Its argument for a reversal is bottomed mainly on the claimed release of the railroad company, which company is said to be a joint tortfeasor. Motion for a directed verdict on this ground was denied.

Some time after the accident an instrument denominated a "covenant not to sue" was executed by Barnes' administratrix to the railroad company on behalf of the heirs. By this instrument the administratrix, in consideration of the payment to her of $3,500,[1] did "covenant and agree" that no suit or other litigation for damages for the death of Barnes would be instituted against the railroad company or its employees, "within the contemplation and purpose of the Federal Employers' Liability Act". It provided that should any action be brought "in breach of this covenant" the instrument might be pleaded by the company or its employees as a full and complete defense. Appellant argues that this contract must be construed as a release; that the railroad company was a joint tortfeasor; and that, since the release of one joint tortfeasor releases all, the contract is a bar to the present suit.

█ ▪We think it unnecessary to consider whether the contract is a release; for the purpose of the decision we may assume that it is. But plainly appellant and the railroad company were not joint tortfeasors. Assuming that the latter was negligent in failing to provide a safe crossing, its negligence was an independent and concurrent thing. Between appellant and

the railroad there was no concert of action, common design or duty, joint enterprise, or other relationship such as would make them joint tortfeasors. Young v. Anderson, 33 Idaho 522, 196 P. 193, 50 A.L.R. 1056; Bunker Hill & Sullivan M. & C. Co. v. Polak, 9 Cir., 7 F.2d 583. See 25 Cal. L.Rev. 413, 429, 430; 24 Cal.L.Rev. 891, 892, 893. Where the independent tortious acts of two persons combine to produce an injury indivisible in its nature, either tortfeasor may be held for the entire damage— not because he is responsible for the act of the other, but because his own act is regarded in law as a cause of the injury. Miller v. Union Pacific R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; Washington & G. R. Co. v. Hickey, 166 U.S. 521, 17 S.Ct. 661, 41 L.Ed. 1101; Cordiner v. Los Angeles Traction Co., 5 Cal.App. 400, 91 P. 436; The Koursk [1924] P. 140, 40 T.L.R. 399, 131 L.R. 700; Restatement, Torts, vol. 2, § 430, Comment d; 19 Cal. L.Rev. 630; 25 Cal.L.Rev. 413, 432; 24 Col.L.Rev. 891; 21 Minn.L.Rev. 616. In the case of such independent concurring torts the release of one wrongdoer does not release the other. Young v. Anderson, supra, and cases there cited.

█ A further point under this head remains to be considered. In the case of Young v. Anderson, supra, the Idaho court, speaking through Judge Rice, said that, whether the tortfeasors be joint or independent, the injured party is entitled to no more than compensation for his injury; and that consideration received from one, for the release of any claim against him, operates to reduce pro tanto the amount recoverable from the other. That, of course, is the rule generally.[2]

Here the court instructed the jury that the effect of the covenant "is that in the event the jury finds, from the evidence, that the plaintiffs are entitled to recover from the defendant, then, in determining the amount of damages sustained by the plaintiffs for the death of Lester Barnes you should deduct from the amount of damages found by you, if any, the sum of $3,500 paid by the Union Pacific Railroad Company, and also the reasonable value of the pass issued to the widow of the said deceased, and the job promised to the plaintiff Orris Barnes." To this instruction ap-

---

[1] In addition to the money, Barnes' widow received from the railroad company a lifetime pass, and one of the sons was given a job.

[2] For discussion of the rule and authorities see 25 Cal.L.Rev. 413, 421, 422.

pellant excepted as follows: "I also except to the instruction of the court as to the effect of exhibit 15 [3] in the event the jury found for the plaintiff." The verdict reads: "We the jury find for the plaintiffs and against the defendant and assess their damages in the sum of $10,000."

As we understand it, appellant contends that the matter of the partial satisfaction of the claim should have been taken care of by the court, without the intervention of the jury. It says further that the jury did not follow the instruction in this respect; hence the judgment should be reduced by the amount paid by the railroad company.

 Answering the latter proposition first, it is to be assumed in the absence of a showing to the contrary that the direction of the court was followed. While the subtraction does not appear in the verdict there is no good reason for supposing that the jury did not make allowance for the prior payment in fixing the amount of their award. Nor need we stop to inquire whether the court ought itself to have taken over the task of making the deduction instead of imposing the duty on the jury. The court chose the latter course; and in the absence of specific objection appellant is in no position to complain. It is not enough merely to except to an instruction; the specific grounds must be stated. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Rule 20(d), Rules of this court. Moreover, appellant made no objection to the forms of verdict submitted. Had the matter been called to the attention of the court, or a different form of verdict suggested, all ground of complaint on this score might have been eliminated.

Appellant argues, in a belated memorandum, that the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., ought to be held a bar to the present suit. The point is not very clearly made, but it seems to be that, since the federal act affords the employee an exclusive remedy as against his employer, an employee or the dependents of a deceased employee may elect either to claim compensation under the act or to proceed at law against a third person causing the injury; and that the exercise of the option to claim under the act excludes all remedy as against a third person. We think there is no merit in the argument. Unlike some state statutes, such as the Ida-

ho Workman's Compensation Act, Idaho Code § 43-901 et seq., the federal act contains no provision with respect to an election or option of this kind. The federal statute does not impose upon the employer liability without fault, nor does it make the employer liable for the negligence of a third person. We see no reason to believe that the settlement or release of a claim which might be prosecuted against the employer under that act bars an action against an independent tortfeasor.

Affirmed.

---

[3] Exhibit 15 is the covenant or release.