IVERSON, Appellant, v. KNORR, Respondent

(298 N. W. 28.)

(File No. 8424. Opinion filed May 12, 1941.)

**T. R. Johnson** and **Chris T. Mortenson,** both of Sioux Falls, for Appellant.

**Davenport & Evans,** of Sioux Falls, for Respondent.

SMITH, J. Plaintiff seeks to recover damages for injuries suffered in an automobile collision. The trial court was of the opinion that plaintiff's evidence established her contributory negligence as a matter of law, and directed a verdict for defendant at the close of plaintiff's case. Plaintiff predicates error on that ruling.

The conduct of plaintiff is not in dispute. She was able to reconstruct the circumstances of the accident with exactitude.

Negligence of defendant and the causal relation of that negligence to plaintiff's injury is assumed. Whether, as a matter of law, the exhibited conduct of plaintiff was negligent and, if so, whether that conduct, co-operating with the negligence of defendant, was a legally contributing cause of the harm suffered by plaintiff, are the questions for decision.

The plaintiff, driving a Ford Pick-up, and defendant, driving a Mercury, approached each other from opposite directions on a north and south paved highway just outside the limits of Sioux Falls, South Dakota, under circumstances affording a perfect opportunity for observation and control. The highway grade was of sufficient width to accommodate a twenty foot strip of pavement and to provide ordinary gravelled shoulders. Plaintiff came from the south and defendant from the north. No other travelers were in sight. Plaintiff was delivering milk, and intended to make her next

stop at a gas station located along the highway at her left. There was no intersecting highway in the vicinity. Throughout the period of time involved, defendant maintained his position on his right hand side of the road. Plaintiff first observed him when he was at a distance of slightly more than 1500 feet, and then assumed that he was traveling at a lawful rate of speed. Thereafter she looked in her rear view mirror, ascertained that there was no one overtaking her, extended her arm out of the window full length at the left, and at a point 400 feet from defendant and slightly more than 100 feet from the point of collision, she turned her car to the left and angled towards the gas station, the driveway of which was then over 100 feet to the north of her. By the time her front wheels had crossed the center line of the pavement, from observations made of the defendant at a then distance of more than 350 feet, plaintiff had concluded that defendant was traveling in excess of sixty miles an hour. She was then traveling between fifteen and twenty miles an hour. Thereafter she continued angling across until about ten feet from the point of collision, where she turned more sharply to the left. In the meantime the defendant had applied his brakes and had veered slightly to his right. With his left rear wheel just on the pavement, the right front of defendant's car collided with plaintiff's right wheel and fender. At the moment of impact plaintiff's car was traveling northwest and defendant's car was traveling west of south. In traversing the left ten feet of pavement, plaintiff traveled forward slightly more than 100 feet.

With these facts in mind we set forth certain applicable rules of law.

 Contributory negligence has been defined by the American Law Institute in its Restatement of the Law of Torts, § 463, as follows: "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's

harm." At § 464 of the same volume the standard of conduct to which such plaintiff must conform is described in broad terms as that "to which a reasonable man would conform under like circumstances." Standards of conduct to which such a plaintiff must conform are frequently described in more precise terms by statute. Such is the rule of the road, adopted to safeguard travelers, which requires that a driver of a vehicle (SDC 44.0309) "shall drive the same upon the right half of the highway * * *." It is well settled in this jurisdiction that although contributory negligence generally is a question of fact and therefore for the jury, yet "if it is a matter of declaring a standard of conduct or of applying such standard to a set of undisputed conduct facts which are of such a nature that reasonable men could not differ in opinion as to whether or not the exhibited conduct conforms to the established standard, then the matter is for the court." Ulrikson v. Chicago, M., St. P. & P. Railway Company et al., 64 S. D. 476, 498, 268 N. W. 369, 381.

Under ordinary circumstances, departure from the statutory standard which is a "contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm" will constitute contributory negligence as a matter of law. Dwyer v. Peters et al., 58 S. D. 357, 236 N. W. 301; Martin v. Herzog et al., 228 N. Y. 164, 126 N. E. 814. A plaintiff may not recover if his negligence is a legally contributing cause of the injuries of which he complains. Ulrikson v. Chicago, M., St. P. & P. Railway Company, supra.

██ Defendant contends that in passing from right to left on the highway by an extended diagonal course, plaintiff failed to conform to the statutory standard of conduct which required that she drive on the right half of the highway, and that this violation was a contributing cause of her injuries. We have concluded that this contention must be sustained.

It seems manifest to us, first, that the Legislature did not intend to interfere with the right to make left turns across a highway by the adoption of the "Drive on the right" rule, and, second, it did not intend that the rigid rules

established for left turns at intersections should apply at other points on the highway, or it would have made its intention explicit. It seems equally manifest to us that as the length of a diagonal left hand turn is extended, it eventually reaches a point where added length ceases to further serve any reasonable need for turning and takes on the character of left hand driving. In other words, we are of the view that driving on the left side of the highway for an unnecessary and unreasonable distance is no less a violation of the "Drive on the right" rule because the ultimate destination of the driver is on the left of the highway. We therefore hold that under the exhibited circumstances angling a distance of over 100 feet in a turn across the left half of a twenty foot paving constituted a violation of SDC 44.0309 supra. We are also of the view, and hold, that the right to so violate that statute may not be acquired by signaling for a left turn. That in point of fact this conduct of plaintiff operated as a contributing cause of the collision is not left in doubt. If plaintiff had remained on her half of the highway until she reached a point approximately opposite the driveway to the station, either the defendant would then have already passed by, or the cars would have been so close to each other that the impossibility of passing in front of defendant without contributing to a collision would have been conclusively demonstrated to plaintiff.

Viewed from another aspect the admitted conduct of plaintiff falls so far below the standard of that of a "reasonable man" as to leave no room for difference of opinion among unprejudiced minds as to her negligence. Realization of defendant's excessive speed came to plaintiff when her front wheels had just crossed the center line of the pavement. At that instant the cars were separated by more than 300 feet, and the angle of plaintiff's variation to the west of north (or to her left) must have been very slight. The risk of proceeding must have been apparent, and the ease with which she could have reached a harbor of safety by returning to her right hand half of the pavement must have been obvious. It would almost seem as though she must have

been compelled to overcome the instinct of self-preservation in order to continue her course to the left. In the face of the situation then facing her, she did nothing except to increase her own speed. That her effort in that direction was feeble is indicated by the following question and answer on her cross-examination:

"Q. And as far as your own speed was concerned, 15 to 20 miles an hour, you continued during that 125 feet at about that rate of speed, did you? A. Yes, after I had made my turn I saw he was coming and I stepped on the gas just after I had gotten off the pavement I stepped on the gas harder because I saw he was coming closer."

Appellant attempts to justify this conduct by a contention that from the moment she discovered defendant's excessive speed she was acting in an emergency. The applicable rule for which she thus contends is stated at § 470 of the Restatement of Torts, supra, as follows: "The fact that plaintiff is acting in an emergency not created by his own antecedent negligence is a factor to be taken into account in determining whether his conduct is free from contributory negligence." If it be conceded that plaintiff's then position may be characterized as emergent, she can not claim the benefit of the foregoing rule, because as we have seen, she had placed herself in that position by a violation of a statutory standard of conduct, viz., by driving onto the left of the highway. The emergency, if it was an emergency, was created by her antecedent negligence.

Finally it is said that if it be admitted that in point of fact the conduct of plaintiff was related to her harm as a contributory cause, in point of law the chain of causation is severed by the doctrine of "last clear chance." In other words, plaintiff asserts that her conduct was not a "legally" contributing cause.

Defendant responds: (1) That the doctrine of last clear chance is not placed in issue by the pleadings, and (2) that the evidence fails to show that defendant had **"actual"** knowledge of plaintiff's peril and, as indicated by Miller v. Sioux Falls Traction System, 44 S. D. 405, 184 N. W. 233, and Mc-

Farland v. Chicago, Milwaukee & St. P. Railway Company, 51 S. D. 85, 212 N. W. 493, that the doctrine as settled in this jurisdiction only applies where such actual knowledge of defendant is shown. The statement of the rule to which defendant makes reference is found in a quotation from Herbert v. Southern Pacific Co., 121 Cal. 227, 53 P. 651, appearing in Miller v. Sioux Falls Traction System, supra [44 S. D. 405, 184 N. W. 234], and reads as follows: " 'Doubtless, notwithstanding the negligence of a plaintiff has put him in peril, yet if his danger is perceived by the defendant in time, so that by the exercise of ordinary diligence on his part injury can be avoided, the defendant will be held for the injury. But that is based upon the fact that a defendant did actually know of the danger—not upon the proposition that he could have discovered the peril of the plaintiff, but of the remissness on his part. Under this rule, a defendant is not liable because he ought to have known.' "

However, we do not find it necessary to deal with these contentions of defendant. For purposes of this decision we may concede that the pleadings are adequate to present the issue, and that it would be permissible for a jury to infer defendant's actual knowledge of plaintiff's peril, and it would still be clear that the doctrine has no application to the admitted facts. In the learned annotation dealing with the doctrine, appearing at 92 A.L.R. 47, the annotator, after reviewing the leading authorities which have exemplified the rule, concludes (page 149), that the courts are practically agreed that "The doctrine applies * * * where the negligence of the defendant **with** actual knowledge of the situation in circumstances imposing upon him the duty to realize the danger in time to avert the accident stands over against the continuing negligence of the injured person **without** actual knowledge of the situation; otherwise, if the plaintiff or injured person actually discovered the situation and in the circumstances ought to have realized his danger in time to escape; that is, where the injured person's negligence **with** knowledge of the situation and danger stands over against defendant's negligence also **with** knowledge of the situation and danger." The last por-

tion of the foregoing statement is descriptive of the factual situation which emerges from this record. During the period of time when any effective action could have been taken to extricate the plaintiff from her peril, the knowledge of plaintiff of her danger, and her ability to escape therefrom, were fully equal to the defendant's knowledge of such peril and of his ability to avoid an accident. The plaintiff, as well as the defendant, continued towards the point of collision. Both parties were concurrently negligent at this stage of the events. There was no "subsequent" negligence of defendant to sever the chain of causation which related plaintiff's injuries to her contributory negligence. Defendant had no "last clear chance."

We find ourselves in accord with the views of the learned trial court, and its judgment is therefore affirmed.

ROBERTS and RUDOLPH, JJ., concur.

POLLEY, P. J., and WARREN, J., dissent.