LUNDE, Appellant, v. DWYER, Respondent

(56 N. W.2d 772)

(File No. 9303.  Opinion filed January 27, 1953)

Rehearing denied March 16, 1953

**Everett A. Bogue,** Vermillion, for Appellant.
**A. J. Beck,** Elk Point, for Respondent.

SMITH, J.   In this action for wrongful death growing out of an automobile accident, the trial court directed a verdict for defendant at the close of plaintiff's case.   The appeal of the plaintiff administrator presents for review the rulings of the court on an offer of proof, and on the motion for a directed verdict.

The facts are revealed by evidence almost without conflict.   It appears that defendant, Clifford Dwyer, age 21, an ex-marine, and deceased, Maurice Lunde, age 25, an ex-army sergeant, met at a military funeral at Wakonda, Clay County, South Dakota, on the afternoon of July 23, 1946, and that they remained together until the accident which happened shortly after midnight.   The automobile which the young men used during this period was owned by defendant Dwyer.   After the funeral they drove to a pool hall in Wakonda.   Between five and six o'clock they each drank two bottles of 3.2 beer at that place.   From there they went to a bar where defendant drank two highballs, and deceased drank two bottles of high point beer.   As they were leaving at 7:30 defendant purchased a pint of whiskey.   They drove in the direction of Vermillion and stopped at a place known as Riverside Station where they each drank an "average shot" of whiskey from the above described pint mixed with grapefruit juice.   At this place they purchased four bottles of 3.2 beer which were placed in the car.   Thereupon they drove to Vermillion and called for a girl friend of the deceased.   The party of three then repaired to the Coyote Cafe where the remainder of the above described pint of whiskey and some mix supplied them with two drinks each during the hour and a half they were there.   As they were leaving, at about eleven o'clock, the deceased purchased a fifth of whiskey at an off-sale store.   After an unsuccessful attempt to induce another girl to join their party, they drove about the streets of Vermillion for a time and finally stopped in

front of the home of the girl. The deceased went in with her and was gone for twenty or thirty minutes. The activities of the young men during the period from the time deceased returned to the car at the home of his girl friend until the accident at 12:34 a. m. are not evidenced.

The accident happened on what is known as Bluff Road at a point about 12 miles northwest of Vermillion. Just before the accident the automobile was travelling east on a fairly straight 20-foot gravel road on a 3-foot grade. Just after it had crossed a culvert which was slightly above grade the car went into a skid and swerved back and forth across the surface of the grade for a distance of 700 feet at which point it went into the south ditch. Its tracks indicated that an effort to turn it back on the grade started it rolling in a southeasterly direction. It came to rest on its top just inside a cornfield. Spots where the corn was pressed down and intervening spaces where it was undisturbed caused experienced investigators to conclude that the car had skipped distances of 90 and 30 feet respectively and had turned over 2½ times. It was a 1941 Mercury Club Coupe. Pictures in evidence and the testimony reveal that its left door was hanging by one hinge and that the top half of that door was folded down against the bottom half. The glass was out of both sections of the windshield. The right side of the top was crushed. This crushing of the top put a V-shaped bend in the top of the right door; it was so jammed it could not be opened. The glass in that door was either rolled down or broken out. The crushing of the top reduced the opening in that door approximately one-fourth.

The defendant was in the car when it came to rest and suffered only a slight injury to one leg and some scratches on his face. The deceased was thrown from the car as it rolled. His body was found about four corn rows in from the fence line and about 60 feet back from the car. His skull was fractured; a pool of blood was under his head. No blood stains were found in the car. Broken glass was found between the body of deceased and the car. The watch of deceased stopped at 12.34.

The girl who was with the young men was called by plaintiff as a witness. She testified that they were under

the influence of liquor but not intoxicated. Others who saw them gave like testimony. The coroner who rode in the seat of a car with defendant after the accident detected the odor of whiskey and said that defendant was either intoxicated or in shock; he refused to say which.

The fifth of whiskey was found along the fence line about 20 feet from the body of deceased. The seal had been broken but the cap was in place. A portion of the contents had disappeared. Three of the above described bottles of beer were found unopened in the car; the fourth bottle was broken in a pocket of the jacket of deceased found in the car.

The defendant was called by plaintiff for cross-examination. He testified that he remembers nothing from the time deceased and his girl friend left the car at her home until the car was rolling over. He stated he had not seen the fifth of whiskey after the three returned to the car at the Coyote Cafe and that he had not had a drink from that bottle. When he was asked if he felt the effects of the liquor he had had, he answered "No," and said, "I had been tired all evening." He admitted that he had been doing all the driving up to that point. He was not asked to tell whether he was driving when the accident happened.

The motion for a directed verdict asserted that the evidence is insufficient to sustain a verdict for plaintiff in three particulars, viz., (1) It fails to offer sufficient support for a finding that defendant was driving when the accident happened; (2) If it be assumed that defendant was driving at the time in question, the evidence is insufficient to support a finding that the accident and the death of deceased was caused by the willful and wanton misconduct of defendant, cf. SDC 44.0362; and (3) If it be assumed defendant was driving, the evidence established that deceased assumed the risks involved in the premises.

The burden rested upon the administrator to establish defendant's misconduct as the proximate cause of the death of Maurice Lunde. 61 C.J.S., Motor Vehicles, § 511(5), p. 215. Under the circumstances described by the evidence, an essential element of that burden was to prove that defendant was the driver at the moment of the accident.

In contending that the court erred in directing a verdict for defendant, the administrator takes the position that proof of the fact that defendant was the owner of the car and was present therein raised a presumption of law that he was the driver when the car went out of control. He cites Bastian v. Baltimore & Ohio R. Co., 3 Cir., 144 F.2d 120; Limes v. Keller, 365 Pa. 258, 74 A.2d 131; Ohio Bell Telephone Co. v. Lung, 129 Ohio St. 505, 196 N.E. 371, and 9 Blashfield, Automobiles, § 6057. Had the evidence bearing on the issue of control of the automobile when it left the road been limited to the fact of ownership of the vehicle, or ownership thereof, and presence of the owner therein, the position would have found convincing support in the authorities. 61 C.J.S., Motor Vehicles, § 511(5), p. 226; and Annotation 96 A.L.R. 634. As indicated supra such is not this case .

██ According to the authorities the presumption so raised is rebuttable and disappears from the case when the evidence is introduced from which the non-existence of the fact in issue may be inferred. 61 C.J.S., Motor Vehicles, § 511(5), p. 223. It has long been settled in this jurisdiction that such a presumption of law has spent its force and is no longer applicable in a case when prima facie evidence of the non-existence of the fact in issue has been introduced. Headlee v. New York Life Ins. Co., 69 S. D. 499, 12 N.W.2d 313; McKiver v. Theo. Hamm Brewing Co., 67 S. D. 613, 297 N. W. 445; Honrath v. New York Life Ins. Co., 65 S. D. 480, 275 N.W. 258, 112 A.L.R. 1272; and Peters v. Lohr, 24 S. D. 605, 124 N.W. 853.

Predicated on the foregoing authorities it is the position of the defendant that the evidence which had been introduced when plaintiff rested was sufficient to support an inference that the defendant was not driving when the accident happened, and hence the presumption on which plaintiff relies was rebutted and that rule of law rendered inapplicable, and further that the evidence as a whole, unaided by the presumption, was insufficient to sustain the essential finding that defendant was in control and responsible for the accident. Our consideration of the facts should be prefaced by a statement that the offer of proof above-mentioned does not bear on this issue.

As indicated, the first inquiry is whether the evidence introduced supplies a logical basis for an inference that defendant was not driving. We think it does. The defendant in answer to questions propounded by counsel for plaintiff testified that he remembered nothing from the time deceased and his girl friend left the car in front of her home until the car was rolling over. The evidence further discloses that they left him alone there in the automobile for twenty or thirty minutes. He had been drinking intoxicants for a period of about six hours and there is an indication that he had had no food. It would not be unreasonable to believe from his testimony that he went into a sleep deepened by alcohol and did not awaken until the car was rolling over in the cornfield. This evidence finds corroboration in the fact that defendant was in the car when it came to rest, while the deceased was thrown out as it rolled. From all of the testimony, and the pictures in evidence it would be reasonable to conclude that deceased was on the left hand, or driver's, side of the seat and was thrown from the left door as the car was turning over and over from left to right. The argument is made that on the first turn the right door might have opened and later closed and jammed, and deceased might have been thrown from that door or any one of the three small openings in the windshield and right door. While that may be possible, it seems probable that deceased left the car through the door on the driver's side of the car. The centrifugal force was in that direction and the left door was open and hanging by a hinge with its top half folded down.

█ In our opinion the above considered evidence was sufficient, separately considered, to support a rational inference that defendant was not the driver of the car when the accident happened, and hence that the presumption on which plaintiff rests his contention was without legal application at the time the motion was made for a directed verdict.

█ The question remains whether the evidence as a whole, when viewed in the light most favorable to the plaintiff, cf. Hansen v. Isaak, 70 S. D. 529, 19 N.W.2d 521, and Wolff v. Stenger, 59 S. D. 231. 239 N.W. 181, would have warranted a verdict in favor of the plaintiff. But see Jerke v. Delmont State Bank, 54 S. D. 446, 223 N.W. 585, 72 A.L.R.

7. In so testing the evidence, the facts upon which the rebutted presumption rested must be assigned their full probative force. Jenkins v. Spitler, 120 W.Va. 514, 199 S.E. 368.

There is no direct evidence that defendant was driving the car at the critical moment. A finding that he was driving must rest on the circumstances revealed by the evidence. In Erickson v. Todd, 62 S. D. 280, 284, 252 N.W. 879, 881, this court said,

"This court has consistently applied the rule in criminal cases that, in order that a theory be established by circumstantial evidence, the facts and circumstances shown must not only be consistent with such theory, but inconsistent with any other rational theory, * * * This rule, we are convinced, should be the rule whereby the weight of circumstantial evidence is determined in a civil case as well as in a criminal case."

The rule there announced has been adhered to by this court. Honrath v. New York Life Ins. Co., 65 S. D. 480, 275 N.W. 258, 112 A.L.R. 1272: Anderson v. Dunn, 68 S. D. 479, 4 N.W.2d 810; General Tire & Rubber Coo. v. Hamm, 69 S. D. 72, 6 N.W.2d 442.

■ There is a logical reason for inferring that defandant was driving at the time of the accident because he was the owner of the automobile, and not only habitually drove it himself but had been driving it during the hours he had been in company with deceased on the afternoon and evening of the day in question. Surely these circumstances are consistent with plaintiff's theory. However, for the reasons we have indicated supra, the physical facts and the testimony indicate as great, if not an even greater probability that the deceased was driving at the time the car went out of control. It follows that the evidenced circumstances "being as consistent with one as with the other inference, plaintiff has failed to establish [his] case." Anderson v. Dunn, supra, [68 S. D. 479, 4 N.W.2d 812].

In view of the foregoing conclusion we need not consider the remaining reasons upon which defendant grounded his motion for a directed verdict, or plaintiff's assignment of error dealing with his offer to prove that defendant had been guilty of wanton misconduct on a separate occasion.

The ruling and judgment of the trial court are affirmed. All the Judges concur.