COWAN, Appellant v. DEAN et al., Respondents

(137 N.W.2d 337)

(File No. 10181. Opinion filed September 23, 1965)

Rehearing denied February 8, 1966

**Henderson & Wallahan,** Rapid City, for plaintiff and appellant.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for defendant and respondent Dean.

**Bangs, McCullen, Butler & Foye,** Rapid City, for defendant and respondent Jackson.

HOMEYER, J. This is a street crossing accident case. Two separate collisions were involved, but plaintiff-appellant sought a single recovery for his injuries from the defendants, Dean and Jackson, alleging joint negligence in his complaint. Each defendant by separate answer denied negligence, alleged contributory negligence more than slight, and cross-claimed for judgment holding the other liable for all or part of any recovery made by plaintiff under SDC 1960 Supp. 33.04A, the Uniform Contribution Among Tortfeasors Law. At the close of plaintiff's case in chief the trial court directed a verdict in favor of the defendant Dean on the basis the evidence showed plaintiff was guilty of contributory negligence more than slight as a matter of law proximately causing or contributing to his injuries. At the same time the court ruled the defendants were independent tortfeasors and that the defense of contributory negligence was not available to the defendant Jackson. The jury was instructed there

was no evidence of permanent injury caused by the Jackson vehicle and his liability was limited to damages for aggravation of pain and suffering, loss of earnings, medical and hospital bills proximately caused by the preceding accident involving the Dean vehicle. The jury fixed such damages at $1,600 and judgment was entered thereon. Defendant Jackson paid this judgment and a satisfaction thereof by plaintiff appears in the record. Plaintiff appeals from the judgment of dismissal as to the defendant Dean.

Defendant Dean, respondent herein, has moved to dismiss the appeal on the ground that plaintiff in proceeding to the judgment against the defendant Jackson and subsequently accepting payment of such judgment and issuing his satisfaction is barred from making further claim for damages because the two collisions caused an inseparable injury. We deny the motion.

It is an elementary principle of tort law that where independent torts result in separate injuries, each tortfeasor is separately responsible for his own torts. 86 C.J.S. Torts § 35; 52 Am.Jur., Torts, § 112. The trial court determined not only that there were independent torts, but also that the injuries caused by each were divisible, i. e., capable of being separated, and only permitted the jury to assess damages against the defendant Jackson for aggravation of the injuries caused by the defendant Dean, the first tortfeasor. This ruling has not been challenged. Consequently, we are required to assume that the judgment paid and satisfied compensated only for injuries inflicted by the negligence of the defendant Jackson and plaintiff has not recovered for damages caused by the negligence of the defendant Dean. Husky Refining Co. v. Barnes, 9 Cir., 119 F.2d 715, 134 A.L.R. 1221; Krumvieda v. Hammond, 71 S.D. 544, 27 N.W.2d 583; Rowan v. Becker, 73 S.D. 273, 41 N.W.2d 836; Brown v. Murdy, 78 S.D. 367, 102 N.W.2d 664. We surmise the jury may have encountered difficulty in applying the rule on damages as given by the court which is easier of statement than of application. We express no opinion on its propriety under the record before us.

The accident occurred shortly before 8 a. m. on January 6, 1962, on East Omaha Street in Rapid City about midway between the intersections of La Crosse Street and East Boulevard. Omaha Street is an east-west paved through street and is also designated as State Highway No. 40. It measures 47' 8" from curb to curb and is divided into four lanes; the north two lanes are for traffic flowing westward and the south two lanes for traffic moving eastward. The lanes adjacent to a center line are 12' wide and the lanes next to the curb are 11' 10" in width, of which 2' is a gutter. The curb lanes were referred to in the testimony as parking lanes on which parallel parking was permitted. The street in the area of the accident is practically level with unobstructed visibility to the east for about 4½ blocks and for nearly an equal distance to the west.

Plaintiff, an electrical contractor 62 years of age, lived on East Omaha Street about two blocks east of the accident site. On the morning of the accident he drove his jeep station wagon onto East Omaha from a side street and was proceeding westward driving slowly because of the icy condition of the street and experiencing difficulty in controlling his car. There was a heavy mist in the air and he had turned on his windshield wiper, heater and defroster. A Mrs. Christopherson who lived in Rapid Valley several miles to the east attempted to pass him on the right driving in the so-called parking lane and in the process struck the right curb, lost control of her car which swung to the left in a semicircle and came to rest on the south side of the street after striking a mailbox; her car faced northeasterly partly in the south lane and partly over the curb and on the lawn in front of 221 East Omaha.

Plaintiff stopped his car next to the north curb and he estimated the distance between the back end of the two vehicles at about a car length. He looked both ways and it was clear of traffic and then crossed the street to the Christopherson car. He found Mrs. Christopherson uninjured, but upset and hysterical, and he volunteered to drive her car to the Raben Lumber Yard where she worked which is about a half mile west of the scene of the accident. Plaintiff testified that he looked both ways before recrossing the street; that he looked both ways before cross-

ing the eastbound lanes and again when he got to the center line; that he did not see the car of the defendant Dean; that he might have seen a car coming down Buckingham Hill which was about 4½ blocks to the east; that he was crossing diagonally at a "kind of running pace, wasn't exactly down right running, but * * * moving faster than a normal walk"; that his reason for recrossing the street was to lock his car before driving Mrs. Christopherson to work; that the last thing he remembers was "reaching up towards the handle of the car with the intention of locking the car." Exhibit 9 is a scale drawing of the accident scene prepared by plaintiff before the trial. It shows the width of the traffic lanes, the relative positions of the jeep and the Christopherson car and the diagonal route taken by plaintiff in crossing and recrossing the street. He indicated by circled mark on this exhibit the area where he recollected last being before waking up in the hospital about 7½ hours after the accident. The circled area places him opposite the left door handle and about 2 to 3 feet from his jeep and within the north lane.

Mrs. Christopherson was called as a witness by plaintiff. She testified that the roadway was slick for several miles to the east and icy for several blocks before the accident, and it was very icy at the scene of the accident; that she saw the Dean car strike plaintiff and he rolled completely under the jeep; that he was crossing the street diagonally when this happened; that he had crossed the center line and the collision occurred approximately five feet north of the center line.

A second eyewitness used by plaintiff was J. W. Foster who was traveling eastward. He testified to an extremely icy condition on the street leading up to and at the scene of the accident. He was driving slowly and saw the Christopherson car sitting "kitty wampus" facing towards the northeast partly on and partly off the curb and a man standing on the left side of the car. This man (Cowan) started to run diagonally across the street and another car traveling west (Dean) hit him and knocked him under the jeep. He fixed the point of impact about 5' north of the center line and about 20' to 30' from the jeep. Foster stopped his car along the south curb almost directly opposite the

jeep and rendered assistance to plaintiff who he said had slid under the rear part of the jeep, under the axle with his head directly behind the left rear wheel and his feet to the north.

A deputy sheriff going to work approached from the east stopped his car east of the jeep straddling the westbound lanes, and called an ambulance and notified the city police of the accident. Plaintiff was assisted to his feet and he and Foster were sitting on the back bumper or ledge of the jeep waiting for the ambulance. When it approached from the west, it crossed to the north lane, hit the icy surface, struck the jeep a glancing blow and then collided with the sheriff's car. As a result of the impact between the ambulance and jeep, plaintiff who was in a semicomatose condition fell from the bumper. The issue of negligence of the ambulance driver and resultant injury therefrom was submitted to the jury. Plaintiff has been paid the damages allowed.

Defendant Dean was called as an adverse witness by plaintiff. From a somewhat meager cross-examination it appears that he lives about four miles from where the accident happened; he described the day as hazy-misty and his windshield wipers were operating; his windshield was clear of frost; he drove at varying speeds up to 30 miles per hour from his home to the time of the accident, but he was not asked to give his speed at the time of the accident. A police officer testifying from a written report of the accident made from information supplied by Dean said the latter had estimated his speed at 25 miles per hour when the accident happened. The posted speed limit was 35 miles per hour. There is no evidence of skid marks or where Dean parked his car. He was not asked where plaintiff was when he first saw him or from what distance he saw him. He was not asked as to what lane he was traveling in; he admitted striking plaintiff and saw him sliding towards the jeep; that such was the first time he saw the jeep and he didn't see the Christopherson car before the accident; he was looking straight ahead; when he came back plaintiff was under the rear wheel being assisted by Mr. Foster; he noticed a glaze on the road for several miles before the accident, but wasn't fully aware of the icy

condition of the roadway until he got out of his car after striking plaintiff.

Plaintiff's primary contentions are (1) that the evidence is sufficient to present a jury question on whether the plaintiff was guilty of contributory negligence more than slight, and (2) even assuming that plaintiff's negligence was more than slight, he was entitled to go to the jury on whether or not it was the proximate cause of his injuries.

■ When a motion for directed verdict is granted on the ground that the plaintiff was contributorily negligent as a matter of law, negligence of the defendant as a proximate cause of the harm, is assumed. Johnson v. Chicago & Northwestern Ry. Co., 71 S.D. 132, 22 N.W.2d 725.

■ ■ Contributory negligence is conduct for which the plaintiff is responsible amounting to a breach of duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with the actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause. Haase v. Willers Truck Service, 72 S.D. 353, 34 N.W.2d 313. The measure of legal duty may be fixed by statute or ordinance, or by applying common law principles. Albers v. Ottenbacher, 79 S.D. 637, 116 N.W.2d 529. The trial court did not grant respondent's motion for a directed verdict on the basis of a violation of the city ordinance prohibiting jaywalking on a through street between intersections. Consequently we find it unnecessary to consider either its validity or applicability to the fact situation presented.

■ SDC 1960 Supp. 44.0318, as amended, provides: "* * * Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, crosswalk or intersection shall yield the right of way to vehicles upon the highway." This statute does not prevent a pedestrian from lawfully crossing a street between intersections; however, it is incumbent on him to use care for his own safety. McKeon v. Delbridge, 55 S.D. 579, 226 N.W. 947, 67 A.L.R. 311; Bock v. Sellers, 66 S.D. 450, 285 N.W. 437; Allen v. Martley, 77 S.D. 133, 87 N.W.2d 355. The tenor of our decisions and those

from other jurisdictions is that one who crosses a street between intersections is required to keep a constant lookout for his own safety by looking in both directions for approaching traffic. Where he looks and does not see an approaching automobile, or sees it and misjudges its speed or distance from him, or for some other reason concludes that he can cross safely and avoid injury to himself, a jury question is usually presented. On the other hand, where such person crosses without looking, or looks straight ahead without glancing to either side, or is in a position where he cannot see and proceeds despite that fact, the situation generally presents a question for the court. However, the mere statement by an injured person that he looked in the direction from which he was struck does not necessarily assure him that a question is presented for consideration by a jury. It must be sufficiently consistent with the circumstances and facts shown by the evidence to present a question of fact for the jury to decide.

 It was the duty of the plaintiff before recrossing the street to look in both directions for approaching traffic. If he did look, it is implied that he looked effectively and in such a manner that he would see what was in plain sight unless some reasonable excuse for not seeing is shown. Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27; Vlach v. Wyman, 78 S.D. 504, 104 N.W.2d 817; Grob v. Hahn, 80 S.D. 271, 122 N.W.2d 460. Plaintiff was familiar with this street and its icy condition. He knew that at that time of day traffic would be heavy from people driving to work. He knew or should have known from his own driving and the trouble experienced by Mrs. Christopherson that in the area where he crossed motorists would have extreme difficulty in decelerating their travel speed and controlling their cars; that brakes would be practically useless. Obviously, respondent's car must have been in close proximity when he started across the street—the evidence allows no other conclusion—and we see no reasonable excuse for his failure to see the car which struck him. We believe plaintiff's contributory negligence was of such a degree that it defeated as a mat-

ter of law any right which he might otherwise have had against defendant Dean. Kundert v. B. F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786.

Appellant's alternate contention is that, even assuming his contributory negligence was more than slight, nevertheless the jury could have found that such negligence was not the proximate cause or a contributing cause of his injury and consequently it was error to direct a verdict. The foundation of this argument is that he was not bound by the testimony of two eyewitnesses which he produced, i. e., Mrs. Christopherson and Mr. Foster, who fixed the point of impact about 5' north of the center line and from 20' to 30' from the jeep, and the jury should have been permitted to pass on his version of where he was struck (Exhibit 9) which is that he was next to the left door of his jeep and removed from the normal flow of traffic.

■■ A party cannot claim the benefit of a version of relevant facts more favorable to his contentions than he himself has given in his own testimony. Miller v. Stevens, 63 S.D. 10, 256 N.W. 152. This does not mean that a party calling a witness is necessarily bound by his testimony, but where it conflicts with other evidence produced by such party, it is for the trier of fact to determine its weight. Kotz v. Johnson, 81 S.D. 387, 135 N.W.2d 733. In the instant case disregarding the point of impact fixed by the witnesses Christopherson and Foster, the undisputed evidence is that plaintiff was crossing an icy highway diagonally at a running pace and failed to observe the approaching car of the defendant Dean, which must have been in close proximity. His negligence in so doing was a proximate contributing cause to his injuries. It is impossible to separate his negligent crossing from the impact which must have occurred almost simultaneously therewith. The evidence does not permit an inference that plaintiff had safely crossed the street and was standing beside his car when struck by the Dean vehicle. Giving plaintiff's testimony the benefit of all reasonable inferences it could not support a jury finding that Dean's negligence was the sole proximate cause of plaintiff's injuries. The factual situation is not the same as we had in Stygles v.

Ellis, 80 S.D. 346, 123 N.W.2d 348, where we said a jury question was presented on causation.

■ We make this further observation: The evidence is undisputed that plaintiff as a result of the collision was thrown under the jeep with his head behind the left rear wheel and his body extended northward under the rear axle. The jeep was faced west and respondent was proceeding in the same direction. Plaintiff's witness, Foster, who was the first one on the scene and witnessed the entire recrossing, the impact, and the movement of plaintiff's body after the impact, and rendered him assistance until the ambulance arrived, positively fixed this position. It was a physical impossibility for plaintiff to have been in the position he indicated on Exhibit 9 before the collision and end up under the rear of the jeep after the collision. Where oral testimony relied on to establish a plaintiff's case is opposed to unquestioned physical facts it is of no probative value and may be properly disregarded. 20 Am.Jur., Evidence, § 1184; Blashfield Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 10, § 6554; see also Jerke v. Delmont State Bank, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 7; Lunde v. Dwyer, 74 S.D. 559, 56 N.W.2d 772; Jorgensen v. Jorgensen, 74 S.D. 239, 51 N.W.2d 632. Plaintiff's uncertainty as to his position at the time of the collision is manifested in his cross-examination: "Q. Now Mr. Cowan, you don't recall hitting any part of your jeep? A. No, I don't recall truthfully, I can't say I was reaching for the handle".

■ Plaintiff's contributory negligence was not excusable and the emergency rule has no application. Laudable as his actions may have been in going to the aid of a lady motorist in apparent distress, the situation which resulted in his injuries was created by his own negligence in recrossing the street without observing approaching traffic. We have said many times where the perilous situation is created by the injured party's antecedent negligence, he is not entitled to be excused under the emergency rule. Stacey v. Patzloff, 67 S.D. 503, 295 N.W. 287; Iverson v. Knorr, 68 S.D. 23, 298 N.W. 28; Albers v. Ottenbacher, 79 S.D. 637, 116 N.W.2d 529.

■ ■ It is further argued that the doctrine of last clear chance is applicable. We do not agree. The negligence of the

appellant more than slight was continuing and active to the very instant of the accident and a contributing factor to his injury. There was no time from the moment appellant started to recross the street until he was struck by respondent's car that he could not have avoided injury to himself by looking or looking effectively for approaching traffic. When the accident happened both were simultaneously and concurrently negligent. "There was no 'subsequent' negligence of defendant to sever the chain of causation which related plaintiff's injuries to (his) contributory negligence. Defendant had no 'last clear chance.'" Iverson v. Knorr, supra. Under such circumstances the doctrine of last clear chance has no application. Nielsen v. Richman, 68 S.D. 104, 299 N.W. 74; Vlach v. Wyman, supra; Carter v. Zdan, 151 Neb. 185, 36 N.W.2d 781.

We have said repeatedly that it is only in the clearest of cases where the facts are undisputed and it is plain that all reasonable persons can draw but one conclusion that the question of contributory negligence and the comparative extent thereof becomes one of law. A motion for a directed verdict should be granted only when it would be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence because reasonable men could draw but one conclusion therefrom. Federal Land Bank of Omaha v. Houck, 68 S.D. 449, 4 N.W.2d 213; Myers v. Quenzer, 79 S.D. 248, 110 N.W.2d 840; Stygles v. Ellis, supra.

We have carefully reviewed the record and are satisfied that under the facts the trial court was justified in granting respondent's motion for directed verdict. Giving the appellant the benefit of the most favorable consideration of his evidence, the conclusion is inescapable that had he exercised ordinary care he would have observed and seen the car of the respondent and avoided the accident which caused his injury.

The judgment is affirmed.

ROBERTS, P. J., and RENTTO and BIEGELMEIER, JJ., concur.

HANSON, J., dissents.

HANSON, Judge (dissenting.)

Plaintiff's conduct must be viewed in the light of conditions then existing and the issues of negligence and contributory negligence were for the jury. See Allen v. Martley, 77 S.D. 133, 87 N.W.2d 355.

Plaintiff was not struck at or near the edge of the highway and did not suddenly dart out in front of oncoming traffic. "Whether a pedestrian is guilty of contributory negligence in crossing a highway or street is generally a question of fact for jury determination. It has been said that the position of the pedestrian upon the highway or street at the time of the accident is significant in such respect, and that the cases wherein the evidence of contributory negligence barring recovery is held a matter of law for the court are usually cases in which the pedestrian is struck at or near the edge of the highway or street from which he has started to cross to the other side, and that in the cases where the pedestrian is struck at or beyond the center of the highway or street, the question of contributory negligence is a matter for jury determination." 7 Am.Jur.2d, Automobiles and Highway Traffic, § 411, p. 957.

Before being struck plaintiff had walked diagonally across a broad highway in plain view of anyone looking. It was daylight. There is no evidence of heavy traffic. Defendant Dean had a clear and unobstructed view of the scene of the accident for over 4 blocks as he approached from the west. The jury could infer that plaintiff's position of peril was seen, or could have been seen, by defendant Dean in time to have avoided the accident. Yet there is no evidence defendant slowed down, honked, or did anything to avoid striking plaintiff. Dean was 10 minutes late for work and there is ample evidence he was driving at a speed greater than reasonable and prudent with regard to the icy surface of the highway. As between a person on foot and a motor vehicle the power of destruction and the means of avoiding an accident are not equal and comparable. The facts, in my opinion, justify submission of the case to the jury under the doctrine of last clear chance.