NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK JACKSON; A.N.J., a minor; B.F.A.J., a minor; SHAWNA YVETTE MARTIN, | No. 10-17456 |
| | D.C. No. 3:09-CV-01016-WHA |
| Plaintiffs - Appellees, | |
| | MEMORANDUM* |
| v. | |
| CITY OF PITTSBURG; AARON L. BAKER, individually and in his official capacity as Chief of Police of the City of Pittsburg Police Department; C. SMITH; P. DUMPA; WILLIAM BLAKE HATCHER; SARA SPIRES, individually and as Officers of the City of Pittsburg Police Department, | |
| Defendants, | |
| and | |
| G. LOMBARDI, individually and as an Officer of the City of Pittsburg Police Department (Badge #275), | |
| Defendant - Appellant. | |

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| FREDERICK JACKSON; A.N.J., a minor; B.F.A.J., a minor; SHAWNA YVETTE MARTIN, | No. 10-17561 |
| | D.C. No. 3:09-CV-01016-WHA |
| Plaintiffs - Appellants, | |
| v. | |
| CITY OF PITTSBURG; AARON L. BAKER, individually and in his official capacity as Chief of Police of the City of Pittsburg Police Department; G. LOMBARDI, individually and as an Officer of the City of Pittsburg Police Department (Badge #275); C. SMITH; P. DUMPA; WILLIAM BLAKE HATCHER; SARA SPIRES, individually and as Officers of the City of Pittsburg Police Department, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: D.W. NELSON, TASHIMA, and MURGUIA, Circuit Judges.

Gerald Lombardi appeals the district court's partial denial of his renewed

motion for judgment as a matter of law under Federal Rule of Civil Procedure

2

50(b) in Frederick Jackson's 42 U.S.C. § 1983 action. Lombardi also appeals the district court's denial of his motion for a new trial.

Jackson cross-appeals the district court's partial grant of the officers' motion for judgment as a matter of law on the grounds that qualified immunity barred Jackson's Fourth Amendment claims. Jackson also appeals the district court's order denying costs to both parties.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order granting or denying judgment as a matter of law. *Lawson v. Umatilla Cnty.*, 139 F.3d 690, 692 (9th Cir. 1998). We review for abuse of discretion an order denying a motion for a new trial. *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010). We review de novo who is a "prevailing party," *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010), but review the award or denial of costs under Federal Rule of Civil Procedure 54(d)(1) for abuse of discretion, *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003). We affirm the district court in all respects except one: we reverse the district court's order denying costs to Jackson.

**A.    The motion for judgment as a matter of law.**

**1.**    The district court did not err when it granted in part the officers' motion for judgment as a matter of law on the ground that all three tasing officers were

3

entitled to qualified immunity on Jackson's Fourth Amendment claims. At the time Jackson was tased, the law regarding excessive-force claims involving the use of tasers was not clearly established in this circuit. *See Bryan v. MacPherson*, 630 F.3d 805, 833 (9th Cir. 2010). Jackson argues that the officers' conduct was "so patently violative" of his constitutional rights that the lack of clearly established law is irrelevant. *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001) (internal quotation marks and citation omitted). But the officers who tased him clearly had less reason to believe their conduct was unconstitutional than did the officers in *Bryan*: Jackson matched the description of a man whom two 911 callers claimed had committed an assault and was carrying a weapon, and Jackson made physical contact with the officer attempting to search him. The plaintiff in *Bryan*, by contrast, was suspected of no serious crime and was standing fifteen to twenty-five feet from the officers who tased him. *Bryan*, 630 F.3d at 827–29.

**2.** Nor did the district court err when it denied Lombardi's motion for judgment as a matter of law on Jackson's First Amendment claim and affirmed the jury's compensatory damage award. After being properly instructed on the law governing Jackson's First and Fourth Amendment claims, the jury completed a special verdict form on which it separately decided liability under both theories. We presume that a jury follows the trial court's instructions. *Ho v. Carey*, 332 F.3d 587, 594 (9th

4

Cir. 2003). Lombardi's argument that the district court's decision to postpone his ruling on qualified immunity until after trial "prejudiced" the outcome on the remaining claims is particularly untenable in a case like this one, where the First and Fourth Amendment claims involved largely identical evidence.

3. Because Lombardi's unconstitutional retaliation was a proximate cause of Jackson's indivisible injuries, he is liable for the entire award of compensatory damages. *See Husky Ref. Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941). ("Where the independent tortious acts of two persons combine to produce an injury indivisible in its nature, either tortfeasor may be held for the entire damage . . . .").

4. Lombardi waived his argument that the evidence was insufficient to support the verdict when he failed to raise it in his motions for judgment as a matter of law. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007).

**B. The motion for a new trial.**

The district court did not abuse its discretion when it denied Lombardi's motion for a new trial on the grounds that Juror Padilla did not fail "to answer honestly a material question on *voir dire* . . . ." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Nothing in the record establishes that Padilla's violent encounters in Chile involved police officers. And none of the

other experiences she discussed during or after trial were necessarily characterized as "particularly good" or "particularly bad" experiences with the police.

## C.     The order denying costs to the parties.

Because he prevailed on his First Amendment claim and won compensatory damages for his injuries, Jackson was the "prevailing party." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.") (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). The district court therefore erred when it concluded that there was no prevailing party. It is still within the district court's discretion, however, to decide whether or not to award costs to Jackson as the prevailing party. *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). We therefore remand to the district court to make that determination.

The parties will bear their own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.